APPLETON STURGES as Administrator, etc., Appellant, *v.* JACOB H. VANDERBILT, Impleaded, etc., Respondent.

Upon the expiration of the term of the existence of a corporation as limited by its charter, it becomes extinct, no formal decree of dissolution is necessary, and a judgment thereafter rendered against it in an action then pending is void, unless the action be continued by order of the court as provided by the act of 1832 (chap. 295, Laws of 1832) to prevent the abatement of actions by or against corporations.

The provision of the statute of New Jersey (Laws of N. J., April 15, 1846, § 29),constituting the directors and managers of a corporation, trustees thereof upon its dissolution,does not continue its existence as *cestui que trust*, and render it capable of defending in its corporate name where the corporation has expired by the termination of the period for which it was created.

The mode of continuing an action against a foreign corporation after its dissolution is a matter of practice governed by the laws of this State.

Where a director of a corporation sold out his stock and ceased thereafter to take any part in the management of its affairs, or in the meetings of its directors, *held*, that he was not bound to see that a successor was elected in his place or to tender a formal resignation ; and that he was not responsible for the acts of those in its management at the time of

its dissolution some five years after he thus severed his connection, although no successors to the directors then in office were ever elected.

As to whether the acts of those who were directors of a corporation at the time of its dissolution, in thereafter defending an action then pending against the corporation, will estop them from questioning the validity of the corporation, *quære*.

An action in the nature of a creditor's suit cannot be maintained by a creditor of an extinct corporation, to reach funds of the corporation paid out to stockholders before dissolution, without a valid judgment and execution against the corporation or its successors, or without first exhausting the creditor's remedies against the property remaining in the hands of the corporation or received by its trustees on its dissolution.

(Argued March 22, 1878 ; decided April 23, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, reversing as to defendant Vanderbilt a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 11 Hun, 136.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*William Allen Butler*, for appellant. The expiration of the charter did not prevent defendants from continuing to defend the pending suit of Russell Sturgis in the name of the corporation. (*Merrick* v. *Van Santvoord*, 34 N. Y., 208; Laws of New Jersey, 1846, § 29; 1 N. Y. R. S., 600, § 9; *Pomeroy's Lessees* v. *State Bk.*, 1 Wal., 23.) The corporation remained *in esse* until formally adjudged dissolved. (*Bk. of Niagara* v. *Johnson*, 8 Wend., 645; *Mickley* v. *Roch. City Bk.*, 11 Paige, 118; *Kincaid* v. *Dwinelle*, 59 N. Y., 548; Laws 1862, chap. 295; p. 509; 2 R. S., 474, § 100; *Manchester* v. *Harrington*, 10 N. Y., 164; *Colegrove* v. *Breed*, 2 Den., 125.) Even if the judgment were invalid as respects the corporation the proceedings in the action and the judgment record were competent evidence as between Sturgis and defendants as to the nature and extent of his claim. (*Marine Bk.* v. *Jauncey*, 1 Barb., 486; *Bryant* v. *Russell*, 23 Pick., 508, 520; *Olcott* v. *Tioga R. R. Co.*, 27 N. Y., 557; 35 N. Y. Supr. Ct., 251; 62 N. Y., 625;

*McGoon* v. *Scales*, 9 Wal., 23; *McCulloch* v. *Norwood*, 58
N. Y., 562.) A judgment against the corporation was not a
necessary prerequisite to the maintenance of this action.
(*Kincaid* v. *Dwinelle*, 59 N. Y., 548; *Shellinton* v. *Howland*,
53 id., 371; *Griffin* v. *Marquardt*, 17 id., 28, 32, 33, 34.)
There was no defect of parties. (*Battett* v. *Drew*, 57 N. Y.,
587.) In an action in which the plaintiff has established his
equitable right he should be allowed to prove the original
legal cause of action upon which his equity is based. (*Stern-
berger* v. *McGovern*, 56 N. Y., 12.)

*Henry E. Davies* and *Julien T. Davies*, for respondent.
The charter of the corporation having expired in 1869, the
judgment entered against it in 1871, and the judgment
affirming it in 1873, were rendered without jurisdiction, and
were void. (1 Black. Com., 484; 2 Kent's Com., 307;
*People* v. *Walker*, 17 N. Y., 503; *Greeley* v. *Smith and Ex.
Bk.*, 3 Story C. C. R., 658; *Mumma* v. *Potomac Co.*, 8 Pet.,
286; *Merrill* v. *Suff. Bk.*, 31 Me., 62; *Bk. of Miss.* v.
*Wrenn*, 3 Sm. & M. [Miss.], 791; *Bacon* v. *Robertson*, 18
How. [U. S.], 486; *Cent. City S'v'gs Bk.* v. *Walker*, 66 N.
Y., 424.) At common law, upon dissolution of a corpora-
tion in any mode, all suits pending for or against it abate.
(1 Black. Com., 484; A. & A. on Corp., § 779; *Ingraham*
v. *Terry*, 11 Humpf., 572; *Saltmarsh* v. *Planters' Bk.*, 17
Ala., 761; *Prest.*, etc. *of Bk. of U. S.* v. *McLaughlin*, 2
Cranch C. C. R., 20; *Read* v. *Frankfort Bk.*, 23 Me., 321;
*Bonaffe* v. *Fowler*, 7 Paige, 576; *Regna* v. *Holmes*, 16 N.
Y., 197; *McCulloch* v. *Norwood*, 58 id., 568; *Livermore* v.
*Bainbridge*, 49 id., 127.) The modifications by courts of
equity and by statutes applicable to this case of the common
law rules is of the rule applicable to the abatement of debts,
and not of actions upon dissolution of a corporation. (8 Pet.,
281; *Curran* v. *State of Ark.*, 15 How. [U. S.], 304; *Wood*
v. *Dummer*, 3 Mason, 323; *Mann* v. *Pentz*, 3 N. Y., 415;
*Tinkham* v. *Borst*, 31 Barb., 407; *Bacon* v. *Robertson*, 18
How. [U. S.], 480; *Vose* v. *Grant*, 15 Mass., 518; *Bk. of*

*Galliopolis* v. *Trimble*, 6 B. Mon. [Ky.], 599; *Hendrickson* v. *Herbert*, 38 N. J. L. R. [9 Vroom.], 297; *Morgan* v. *Taylor*, id., 318; Laws 1832, chap. 295, § 4; 1 Edms. Stat., 557, § 10.) The proceedings in the Superior Court must be judged by the statutes of this State just cited, or by the common law alone.. (*Seymour* v. *Sturgess*, 26 N. Y., 134; *Lowry* v. *Inman*, 46 id., 119.) The failure to bring in the trustees as parties defendant, and to revive the action, was a jurisdictional defect in the judgments. (*State of R. I.* v. *State of Mass.*, 12 Pet., 718; *B. and S. L. R. R. Co.* v. *Suprs. of Erie Co.*, 48 N. Y., 98–99; *Barnes* v. *Harris*, 4 id., 379; *Borsdorff* v. *Dayton*, 17 Abb., 36, note; *Renick* v. *Bk. of W. Un.*, 13 Ohio, 298; 23 Me., 318, 321; 31 id., 62; *McCulloch* v. *Norwood*, 58 N. Y., 562.) The want of jurisdiction to pronounce the judgments in the case of *Sturgis* v. *The N. J. S. Nav.* Co. was a good defense to this action. (*Dobson* v. *Pearce*, 12 N. Y., 165; *Kerr* v. *Kerr*, 41 id., 275; *Barnes* v. *Harris*, 4 id., 374; 48 id., 93; 16 id., 193; 58 id., 562.) The appellant could only be equitably estopped from insisting on the invalidity of the judgments in the Superior Court by acts or declarations proved. (*McMaster* v. *Prest., etc., Ins. Co. of N. Am.*, 55 N. Y., 229; *Muller* v. *Pondir*, 55 id., 334, 335; *Welland Canal Co.* v. *Hathaway*, 8 Wend., 483; *Carpenter* v. *Stilwell*, 11 N. Y., 73; *Rice* v. *Dewey*, 54 Barb., 461; Coke Litt., 352, b; *Williams* v. *Van Valkenburg*, 16 How. Pr., 150.) He would not be concluded by the acts of another trustee unless they were authorized. (*Sherman* v. *Parish*, 53 N. Y., 489; *Banks* v. *Wilkes*, 3 Sand. Ch., 99; 2 Story's Eq., § 1280; *Excel. Pet. Co.* v. *Lacey*, 63 N. Y., 427; *Thatcher* v. *Candee*, 4 Abb. Ct. App. Dec., 390.) Every creditor of a corporation is presumed to contract with reference to the term of its existence. (8 Pet., 280; 23 Me., 321; *Lowry* v. *Inman*, 46 N. Y., 125.) Appellant had ceased to act as a trustee before the action of Sturgis was commenced. (*Laight St. Bap. Ch.* v. *Noe*, 12 How. Pr., 497; *Chandler* v. *Hoag*, 2 Hun, 613; 63 N. Y., 624; *Squires* v. *Brown*, 22

How. Pr., 35; *Phillips* v. *Wickham*, 1 Paige, 590.) Plain-
tiff should have pleaded the New Jersey statute, if he relied
upon it, and if he sought to enforce a liability under it.
(*Hosford* v. *Nichols*, 1 Paige, 220; Old Code, § 426; Laws
1848, chap. 312; 4 Edms. Stat., 643.)   The appellant
could not be held liable to plaintiff until he had exhausted
his remedy against the other defendants.   (*Lex. and D. R.
R. Co.* v. *Bridges*, 7 B. Mon. [Ky.], 556; *Shoemaker* v.
*Nat. Mech. Bk.*, 2 Abb. [U. S.], 416; *Stewart* v. *Nat. Un.
Bk.*, 2 id., 424; A. & A. on Corp. [2d ed.], 664.)

RAPALLO, J.   This action was brought to compel the
defendants to apply certain moneys received by them as stock-
holders of the New Jersey Steam Navigation Company, out
of its assets, to the payment of a judgment alleged to have
been recovered by the plaintiff's intestate against that corpo-
ration in April, 1871, and affirmed by this court in June,
1875 (62 N. Y., 625), upon which judgment, execution has
been issued and returned unsatisfied.   A decree was rendered
in favor of the plaintiff at Special Term, but it was reversed
at General Term on the ground that the judgment set up in
the complaint was a nullity, having been rendered after the
corporation, defendant, had been dissolved by the expiration
of the term of its charter, which took place in 1869, and
while the action against it was pending.

This court decided in the case of *McCulloch* v. *Norwood*
(58 N. Y., 562) that the dissolution of a corporation term-
inates an action then pending against it, and that all subse-
quent proceedings against it are void, unless the action be
continued by order of the court, as provided by chapter 295
of the Laws of 1832.   There was no such continuance, and
therefore, unless there is some special circumstance in the
present case to take it out of the operation of the general
rule, the judgment in question is clearly void, and this action
cannot be maintained as a creditor's suit.

It is claimed on the part of the plaintiff that under the
New Jersey statute the corporation after dissolution was not

entirely defunct, but was continued in being for the purposes of liquidation and the defense of existing suits, and that it differs in this respect from the statute of this State relating to the liquidation of dissolved corporations. The argument in support of this claim is that by our statute (1 R. S., 600, § 9), upon the dissolution of a corporation, the directors or managers of its affairs at that time, are constituted trustees of the creditors and stockholders of the corporation dissolved; whereas by the statute of New Jersey (Laws of N. J., 1846, Ap. 15, § 29) such directors and managers are in the like case constituted trustees of *such corporation*, and that this language implies that the corporation still exists as *cestui que trust*, and is capable of defending in its corporate name. We do not think that the language used has the effect contended for, especially when the corporation, as in this case, has expired by the termination of the period for which it was created, or that its capacity to sue and be sued was intended to be prolonged in any case beyond its own life. For in the same act (section 30) it is provided that the trustees shall have authority to sue by the name of the trustees of such corporation, and shall be sueable by the same name, or in their individual names. The laws of New Jersey provide a method of continuing actions pending against corporations at the time of their dissolution, which would be quite superfluous if the plaintiff is right in supposing that the faculty of defending, after dissolution, in the corporate name was preserved by the statute first cited. It is not material to refer to the New Jersey statute as to the mode of continuing an action, as that is a matter of practice which must be governed by our own laws, and in the present case there was no attempt to continue the action pursuant to the laws of either State.

It is further claimed, that, until a corporation is declared dissolved by judicial decree, creditors may proceed against it by its corporate name, and that it remains *in esse* until formally adjudged dissolved. All the cases cited in support of this proposition relate to a dissolution in consequence of

insolvency or non-user or mis-user of the corporate franchises,. or some other cause of forfeiture. In such cases, it is well-settled that the dissolution does not take effect until judicially declared. But the principle upon which that class of cases rests is not applicable to a dissolution by expiration of the charter. The dissolution in such a case is declared by the act of the Legislature itself. The limited time of existence has expired and no judicial determination of that fact is requisite. The corporation is *de facto* dead. (*People* v. *Walker*, 17 N. Y., 503; *Greeley* v. *Smith*, 3 Story C. C. R., 658.) Where the charter of a corporation is annulled by act of the Legislature, the corporation is extinct and no judgment can be rendered against it. (*Mumma* v. *Potomac Co.*, 8 Pet., 286; *Merrill* v. *Suffolk Bk.*, 31 Me., 57.) We have been referred to no authority holding a contrary doctrine.

The appellant further claims that the defendants have estopped themselves from setting up the invalidity of the judgment against the corporation, by defending the action, which was tried in 1871, after the dissolution, and by the subsequent appeals, taken in the name of the company from said judgment to the General Term and to this court, which appeals were taken after the dissolution.

A sufficient answer on behalf of the defendant Vanderbilt, who is the only respondent here, is that it does not appear that he took any part in said defense or appeals, or authorized or was in any manner connected with them. It is claimed that he was one of the trustees of the dissolved corporation by virtue of his having been a director at the time of its dissolution, and that is found; but this finding was excepted to, and is not only unsustained by any evidence, but is contrary to the uncontroverted evidence, and to other findings in the case.

It is found that in the month of January, 1864, the defendant Vanderbilt and others were directors, and that no persons other than said defendants were elected after January 1, 1864, either as directors or president of the company; but it is also found that in the month of September, 1864, the

defendant Vanderbilt sold and delivered his shares in the stock of the company to the defendant Englis, and ceased to be a stockholder in said company. That subsequently to said sale and delivery, the defendant Vanderbilt attended no meeting of the board of directors, and did not act or assume to act as a director thereof, and did not engage in or have any transaction either as stockholder, director, officer, manager or employee of the company.

By the terms of the charter of the company the directors were to be elected annually for the term of one year. The charter contains no provision as to directors holding over until their successors are elected. Although by the general rule of law directors may so hold over, yet there is no rule which compels them to do so, and where as in this case a director sells out all his stock in a corporation and ceases to take any part in the management of its affairs or the meetings of its directors, he is not bound to see that a successor is elected in his place or to tender any formal resignation. It would be a very arbitrary rule to hold that a director elected for one year, after thus severing all connection with a company, should be responsible for the acts of those who were in its management at the time of its dissolution five years afterwards, and who alone had the charge and custody of the property of the corporation then remaining, and the control of its affairs. Such long continued absence after having parted with all his interest is quite equivalent to a formal resignation, and an unequivocal abandonment of any right to hold over. The acts of the directors who did hold over and become trustees, in defending the action against the corporation, if they did so act, clearly did not estop him from questioning the validity of the judgment. We do not intimate any opinion whether it so operated even against them, as that question is not now before us.

It is apparent from what has been said that this action cannot be maintained as a creditor's suit founded on the alleged judgment to reach the funds of the corporation which were paid out to stockholders before dissolution. It could

not be and is not claimed that such an action could be maintained without a valid judgment and execution against the corporation or its successors, or without first exhausting the creditor's remedies against the property remaining in the hands of the corporation, or received by its trustees on its dissolution. It clearly appears by the findings that more than sufficient to pay the plaintiff's claim was possessed by the corporation at the time of its dissolution.

The effort is made, however, to sustain the recovery at Special Term, on the ground that the defendants are liable under the statute of New Jersey, as trustees of the dissolved corporation.

It is difficult to see how this action can be maintained on that ground. The complaint contains no allegation appropriate to such an action, nor does it state the facts necessary to constitute such a cause of action. It neither states that the company ever was dissolved, nor that the defendants, or any of them, were directors at the time of the dissolution. It is founded wholly on the judgment and execution, and the right to proceed in equity to compel satisfaction out of property of the corporation which came to the hands of the defendants during its existence. Neither are the facts proved sufficient. The only evidence that the plaintiff's testator ever was a creditor is the alleged judgment. This, as has been shown, was null and void. The facts show that the defendant Vanderbilt was not a director, and had ceased to be such for nearly five years before the dissolution. I can see no right of recovery against him in any form of action on the facts proved or found. The plaintiff had an ample remedy by continuing his action against those directors who continued such at the time of the dissolution as trustees, to follow the property of the corporation into their hands, and after having exhausted that, to resort to any stockholder who had at any time received any portion of the company's funds in excess of lawful dividends. But in this action I can see no ground of recovery against the respondent.

A majority of the court, however, are of opinion that a

new trial should be granted, so as to afford the parties an opportunity to apply to the court below for an amendment of the pleadings, and varying the facts by further proof, and therefore the judgment below must be so modified as to grant a new trial, and as modified affirmed, costs to abide the event.

All concur except MILLER, J., who dissents and votes for reversal of judgment of General Term. and affirmance of Special Term ; ALLEN, J., absent.

Judgment modified in accordance with opinion.