ADDISON P. BREWER v. THE MICHIGAN SALT
ASSOCIATION ET AL.

| 58 | 351 |
| 121 | 526 |

*Bill against corporation for disclosure and contribution—Liability of
stockholders—Parties—General demurrer.*

1. A judgment not only fixes the extent of liability but the party or parties
liable; and if such party is a corporation, it is not merely individual
members thereof that are held.

2. Corporate property is liable for debts of the corporation, and so long
as it can be traced, it may be followed into the hands of members in
the manner provided by the organic law and the by-laws of the cor-
poration.

3. Stockholders in a corporation are not entitled, upon its dissolution, to
any of its property, until its debts are paid; and they are estopped
from denying that they are liable therefor to the extent of their
interest.

4. Demurrer to a bill against a corporation admits its allegation that there
is no other creditor but complainant.

5. Whether a bill against a corporation can be demurred to generally on
the ground that it does not show that all the stockholders are brought
into court—Q. And if it can, it is a sufficient answer that the bill
alleges the fraudulent concealment of the records of the corporation
and complainant's consequent inability to learn the names of all who
should be made parties.

6. General demurrer to a bill against a corporation will not lie for the
failure to bring in all the stockholders as defendants if the bill pur-
ports to be filed against all and presents a sufficient excuse for not
naming some of them.

7. A decree in a suit against a corporation may be made against those
stockholders only over whom the court has acquired jurisdiction, if
the bill shows on its face that the rest are beyond it.

8. One who has recovered judgment against a corporation can maintain
a bill against it for discovery and contribution on showing that he is
its only creditor; that it was solvent when dissolved; that execution
has been returned unsatisfied and that the stockholders have the
assets in their possession and refuse to apply them on the execution.

Appeal from Saginaw. (Gage, J.) Oct. 15.—Nov. 4.

BILL for discovery, etc. Defendants appeal. Affirmed.

*W. S. Tennant* and *Benton Hanchett* for complainant.
Stockholders are accountable in equity to creditors of the
corporation to the extent of corporate property distributed
amongst them that ought to have been applied to the debt:
Ang. & Am. Corp. §§ 599–604; *Upton v. Trebilcock* 91 U.
S. 47; *Sanger v. Upton* id. 60.

*Tarsney & Weadock* for defendants.

SHERWOOD, J. The bill in this case is filed for discovery
and relief. The defendants interposed a general demurrer.
A hearing was had in the Saginaw circuit before Judge Gage,
and the demurrer was overruled with costs, and defendants
appeal to this Court.

The defendant was a corporation duly organized under the
laws of this State. The association was formed for " the
manufacture of and dealing in salt, and to engage in the
transportation of its products to market." In 1878 the com-
plainant let the defendant have a large quantity of salt, for a
portion of which it refused to make payment, and on the
30th day of September, 1881, complainant recovered a judg-
ment therefor against the association to the amount of
$1561.67 damages and $43 costs. This judgment was affirmed
on appeal to this Court on the 25th day of January, 1882.
*Brewer v. Michigan Salt Ass'n* 47 Mich. 526.

The bill of complaint, in addition to the above facts, alleges
that execution was issued upon the judgment, February 7,
1882, and returned nulla bona, May 3, 1882, and that the
judgment remains unpaid; that the capital stock of the com-
pany was $20,000, divided into 800 shares of $25 each, and
that there was actually paid in at the time of the organization
two dollars per share; that the company was organized in
1876, and that the articles of association provided for the
existence of the corporation for the period of five years;
that the association continued in business until March, 1881,
and then dissolved by limitation, and it was then the owner
of property, including the capital stock paid in, of the value
of $20,000; that the offices of the company were located
in Bay City and East Saginaw; that the offices of the associ-

ation were managed and conducted by a board of directors chosen by the stockholders. The corporation and members of the association in 1878 are made defendants, and the bill further alleges that the members made parties were such at the time of dissolution, and that they severally received a portion of the funds distributed on the dissolution of the association. Complainant further states that this defendant commenced its business in 1876 by buying and selling salt, and dealing in salt generally throughout the entire Saginaw valley, and handled nearly all the salt manufactured in Saginaw and Bay counties, and the territory adjacent thereto; that the articles of association provided that any manufacturer of salt might become a member by signing the articles of association; that there should be paid an annual dividend of twelve per cent. to each stockholder on the amount paid in, and this, with the incidental costs and expenses, was charged to the salt handled, and a dividend of the proceeds of the sale was then made; that the complainant was a manufacturer of salt, but was not a member of the association at the time of its dissolution; that this property and capital stock was fraudulently sold and divided among said stockholders; that these moneys so divided among the defendants should have been paid and applied first to the satisfaction of these judgments; that all other debts of said association were paid, and this paid-in capital stock and surplus earned and property of said association was a trust fund for the benefit of the complainant, as a creditor of said association, and the said defendants took the same subject to the payment of the complainant's judgment; that in March, 1881, upon the dissolution of the association, the officers thereof paid each of the defendant stockholders the amount of his capital stock paid in, and his share of the surplus funds, and of the proceeds of the sale of the property, without making provision for payment of the complainant's claim, and unjustly defrauded him of all means of enforcing his claim against said association; that these acts of the officers were done with the full knowledge and consent of the stockholders, who unlawfully distributed among themselves all the funds and property of the associ-

ation.   The bill then prays for discovery of the names of all the stockholders, and amount of stock held by each; that the officers give information as to what has become of the books of said association; that they disclose what amount was paid each defendant as his share upon the final dissolution of said association; for a decree that complainant has an equity in these funds, and that they were pledged for the payment of the complainant's claims and demands; that each of said defendants may be decreed to pay such sum as shall be just and equitable in proportion to the amount of his stock in said association.

We do not think the demurrer in this case can be sustained, neither do we think it ought to be.   The bill is not properly a creditor's bill, but more in the nature of a bill for contribution.   The suit hereinbefore referred to determined the liability of the defendant to the plaintiff and the extent of the same.   The allegations in the bill show that by the articles of association any manufacturer of salt in this State was entitled to become a member of the association by signing its articles of association on its books, and designating the number of shares taken, which might not exceed two shares of the capital stock for every barrel of the average daily capacity of his manufactory, on a fair estimate.   Said articles of association and the by-laws provided that there should be paid an annual dividend of twelve per cent. to each stockholder on the amount paid in, payable on the 15th days of July and January of each year, which, together with all losses sustained, and all costs and expenses incurred in handling and selling, together with the inspector's fees, should be charged up as expenses to the salt handled before a dividend of the proceeds of sale was made.

In 1878 the complainant was not only a manufacturer of salt, but a member of the salt association, and one of its stockholders, owning one share of its stock; and it was while he was such member that he sold to the defendant company the salt for the value of which the said judgment was rendered, and which became destroyed and lost to the company.   Complainant, however, ceased to be a member of the

association soon thereafter, and before the 1st day of January, 1879.

It is insisted by the defendant that the bill should have been filed against those stockholders only who were such during the six months ending December 31, 1878; that they only received the proceeds of the sales during the six months that the loss occurred, and that they only should pay the judgment. The judgment not only fixes the liability and its extent, but also the party or parties who are liable for its payment. The corporation was found to be such party, and not any particular member or members thereof. The property of the corporation was the fund from which the complainant was entitled to have his judgment paid, and so long as it can be traced it is liable for the debts, in the hands of the members of the association, in such manner as is provided by the statute and by-laws of the company. No stockholder is entitled to any of the property of the company until its debts are paid, and he is estopped from denying his liability to the amount of the interest which he has received from the company until such indebtedness is paid, and defendant's theory to the contrary is untenable. This point is fully discussed in 47 Mich. 526, hereinbefore referred to, and it is unnecessary to repeat the reasons therein given for the conclusions reached, which are conclusive upon the point.

It is further claimed that the bill should have been filed in behalf of all the creditors. There is no force in this, because the bill avers there are no other creditors, and that is taken as admitted by the demurrer.

It is also claimed that the bill does not show that all the stockholders are brought before the court. The bill does show that the defendants were members of the association in 1878, at the time the indebtedness of the complainant arose, and also when the judgment in favor of complainant was rendered, and down to the time of the dissolution of the corporation. It also appears by the bill that they received a portion of the assets, and that the books of the corporation have been fraudulently concealed by the officers for the purpose of avoiding liability of the stockholders, and discovery

and relief are asked upon that ground. The statement of facts set out in the bill, showing why other persons, if any, are not made parties, and that it is by and through the ignorance of complainant, occasioned by the fraudulent concealment and acts of the officers of the company, is a sufficient answer to the defendant's general demurrer on this point, if indeed a general demurrer will lie at all in such case. Story's Eq. Pl. 543; Jennison's Ch. Pr. 59; Van Santvoord's Eq. Pr. 193; *De Witt ads. Swift* 3 How. Pr. 280; *Scofield v. Van Syckle* 23 How. Pr. 97; *Getty v. Hudson River R. Co.* 8 How. Pr. 177; Barb. Ch. Pr. 106. When stockholders are out of the jurisdiction of the court, and the fact appears upon the face of the bill, a decree may be made against those over whom the court has acquired jurisdiction, and where a bill is filed against all the stockholders, and some are not brought in, if good valid reasons are given for not bringing in some of them, the defect cannot be taken advantage of by general demurrer. Thompson on the Liability of Stockholders §§ 353, 357; *Erickson v. Nesmith* 46 N. H. 371; *Wood v. Dummer* 3 Mas. 308; *Pierce v. Milwaukee Const. Co.* 38 Wis. 253.

In this case the bill states the complainant is the only creditor of this corporation; that the same was solvent at the time of its dissolution; and its stockholders have in their possession all the funds and assets, and they refuse to apply any portion thereof to the payment of complainant's debt, and that execution has been returned unsatisfied. This shows the complainant entitled to the relief he prays, and the bill is not subject to the demurrer interposed by defendant.

The decree of the circuit court must be affirmed with costs. Defendant will be allowed to make answer, and the record will be remanded for further proceedings in the case.

The other Justices concurred.