DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

### December, 1890.

---

## EDWARD E. GOLD AND FREDERICK W. WRIGHT, APPELLANTS, v. JAMES CLYNE AND OTHERS, RESPONDENTS.

*Liability of the directors of a corporation for a failure to file an annual report — effect of the expiration of the existence of the corporation before the debt, under the terms of a contract made by it, became due.*

In an action brought to charge the directors of the Central Park Building Company (Limited), with an alleged liability of said company, because of a failure to file an annual report of its financial condition, it appeared that the company had been incorporated in 1883, under chapter 611 of 1875, to continue for two years from the date of filing its certificate, which was filed on June 6, 1883; that, on April 23, 1884, the corporation entered into a contract with the plaintiffs, by which the latter were to furnish and put up a steam-heating apparatus in the buildings of said company, and made all payments called for under the terms of the contract, up to and until the payment which was to be made on the final completion of the work, which was finished on the 7th day of December, 1885.

*Held,* that as the existence of the corporation ended in June, 1885, by the terms of its certificate, and as at that time no debt was due to the plaintiff from the corporation, that the defendants were not liable.

That the provisions of section 38 of chapter 611 of 1875, to the effect that "The dissolution, for any cause whatever, of any corporation created as aforesaid, shall not take away or impair any remedy given against such corporation, its stockholders or officers, for any liabilities incurred previous to its dissolution," did not cover this case, as no liability had been incurred by the corporation for the amount sought to be recovered in this action until the contract had been fulfilled, before which time the corporation had ceased to exist.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of November, 1889, in favor of the defendants, dismissing the plaintiffs' complaint on the merits, after a trial before a referee.

*Ira D. Warren*, for the appellants.

*Henry Thomson* and *George A. Strong*, for the respondents.

VAN BRUNT, P. J.:

The defendants were directors of the Central Park Building Company (Limited), and the action was brought to charge them with liability for an alleged debt of the company as a penalty for a failure to file the annual report of 1885. The corporation was organized in 1883 under the business act of 1875 (chap. 611), and was, by its articles of incorporation, to continue for two years from the date of filing its certificate. This was filed on or about the 6th of June, 1883, and no annual report was ever filed. On the 23d of April, 1884, the corporation entered into a contract with the plaintiffs to furnish and put up steam-heating apparatus in four buildings known as the Navarro Flats, for which said company agreed to pay the plaintiffs $25,000 in four separate payments. The plaintiffs at once commenced work on their contract and received payments from time to time until the sum of $15,333.32 had been paid, which comprised all the payments which were to be made under the contract prior to the final completion of the work.

The plaintiffs completed their work according to the terms of their contract on or about the 7th of December, 1885.

Upon this state of facts the learned referee found in favor of the defendants, and from the judgment thereupon entered this appeal is taken.

The decision of the learned referee was put upon the ground that the existence of the corporation ended in June, 1885, by the terms of its certificate, and at that time no debt was due to the plaintiffs from the corporation.

It is claimed, however, that, by virtue of section 38 of the act of 1875, notwithstanding the dissolution of the corporation, their remedy still existed. Section 38 is as follows:

" Section 38. The dissolution for any cause whatever, of any corporation created as aforesaid, shall not take away or impair any remedy given against such corporation, its stockholders or officers, for any liabilities incurred previous to its dissolution."

And it is urged that, by section 18 of the act in question, the directors must, within twenty days from the first of January in each year, file an annual report, and if they fail to do so a liability is imposed upon them generally and severally to pay all debts then existing or that shall be contracted before such report shall be made.

Attention must be called to the words of the statute making the directors liable for " all debts then existing," and it is probable that the meaning of this term is the one which must control the decision of this case. It is easy to see the reasons why section 38, above quoted, was passed because it had been held in the cases of *McCulloch* v. *Norwood* (58 N. Y., 562) and *Sturges* v. *Vanderbilt* (73 id., 384), that the dissolution of a corporation, even, terminated an action then pending, and that all subsequent proceedings against the defendant were void unless the action was continued by an order of the court as provided by the Laws of 1832 (chap. 295). If an action actually pending against a corporation terminated by the expiration of the term of its existence, it is clear that no action could be commenced against a corporation after its dissolution ; and the dissolution referred to in this case was a dissolution by expiration of time, and the action had to be revived by order of the court precisely the same as in the case of the decease of an individual, pending action.

In order to avoid this condition of affairs, undoubtedly, section 38 was inserted in the statute to which attention has been called. This brings us to a consideration of what section 18 means when it imposes a liability to pay all debts then existing and that shall be contracted before such report shall be made.

It is urged, upon the part of the appellants, that even though the debt may not have existed during the existence of the corporation, yet it had been contracted during such existence. Upon that point the case of *Garrison* v. *Howe* (17 N. Y., 458), seems to be conclusive, and our attention has not been called to, neither have we been able to find, any adjudication interpreting in a different manner the language of the statute there construed, which is precisely the same as that of the section referred to in the case at bar.

In the case cited a contract had been entered into by the corporation with the plaintiff to furnish lumber for which they were to pay a certain price. Subsequent to the entering into the contract there was a default in the filing of the annual report, but such omission was repaired prior to the time of the delivery of the lumber, and the court held that the debt for the lumber furnished under the contract subsequent to its execution was not contracted when the agreement was signed. And the court say: "If the statute were simply a remedial one, it might be said that the plaintiffs' case was within its equity;  *  *  *  but the provision is highly penal, and the rules of law do not permit us to extend it by construction to cases not fairly within the language," and that the statute contemplated the simple case of a debt contracted during the default in making the report.

Attention may be called to the case of *Leggett* v. *Bank of Sing Sing* (24 N. Y., 283), where a different interpretation was placed upon words of similar signification, but yet of a different character. It was there held that a provision in the articles of a banking association that the shares of its stock should not be transferable until the shareholder shall discharge all debts due by him to the association, includes liabilities of the shareholder which have not yet matured; and that such a provision creates a valid lien as against the assignee of the shareholder who takes with knowledge thereof while the shareholder is under a contingent liability as indorser, and gives no notice to the bank of his claim until the indorser's liability had become fixed. In that case the shareholder was an indorser upon the note held by the bank which at the time of the transfer of the stock was not due. After the transfer he became charged as indorser, and it was held that the language in the articles of association included the liability of an indorser who had not been charged as indorser, the note not having become due.

It may be claimed that the case of *Garrison* v. *Howe* is not applicable to the case at bar, because at the time that the debt became due in the case cited the default did not exist, the trustees of the corporation having filed the annual report, whereas in the case at bar no such annual report was ever filed. We think, however, that this makes no difference, because at the time at which the debt became due and the liability arose the corporation was dead; so

dead that even actions against it abated. No action could be commenced against it except by the permissive force of the statute passed for the purpose of meeting this contingency. But for all purposes of corporate action, and of the action of its directors or trustees as such, it had ceased to exist, and consequently there was no corporation in being which could perform the act of filing the annual report.

We think, therefore, that the corporation having ceased to exist before the debt arose, that there was nothing to which the statute could apply, as it was evidently not intended that a default having occurred there was no possibility of its ever being repaired.

Even if it were not for the rule laid down in the case of *Garrison* v. *Howe*, above cited, we think, upon principle, it would be necessary to come to the same conclusion. The ground upon which the appellant bases his appeal seems to be that, in the case of an executory contract, the debt arises from the moment that the contract is signed. This, clearly, cannot be so, because, *non constat*, the contractor may never complete his contract. In the case at bar the payment, which forms the subject-matter of this action, was not to be due until the completion of the contract, and it was uncertain at the time of the death of the corporation whether anything whatever would become due to the contractor, because he might never complete his contract. In other words, a debt cannot be contracted until a liability has been incurred, and no liability had been incurred by the corporation until the contract had been fulfilled.

Under all the circumstances, therefore, we are of opinion that the statute did not intend to impose a penalty upon the trustees of a corporation for not doing a corporate act after the corporation had ceased to exist.

The judgment appealed from must be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.