# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 15, 1912.

KLEIN BROTHERS & COMPANY
VS.
THE BALTIMORE UNDERWRITERS' AGENCY. A CORPORATION OF THE STATE OF DELAWARE, ROBERT D. TWEEDALE AND ROBERT DICKSON.

*Harman, Knapp, Ulman & Tucker* for complainant.

*Charles F. Harley* and *Geo. A. Finch* for defendants.

BOND, J.—

This bill, filed by a single creditor of the defendant corporation, avers that the complainant's claim has been reduced to judgment first in the State of New York, then in Baltimore City, and that execution has been issued in this city, but has been returned unsatisfied. Subsequent to the time when the obligation accrued, it continues, the capital stock was reduced and assets of the corporation over and above the reduced amount, and within the original capital were distributed among the stockholders; and the individual defendants were two of these. Since that time the corporation, it is alleged, has become and now is insolvent.

Upon these allegations the bill prays that the defendants may be required to discover who were the stockholders at the time of the reduction of capital, and what were the amounts received by them in the distribution of the excess capital; and it prays that thereafter there may be an accounting and ascertainment of the proportion which the individual defendants should contribute to pay the complainant's claim, and that they may be required to pay it.

The defendants all appeared and filed general demurrers, solely on the ground that the bill did not state such a case as entitles the complainant to any relief in equity against the respective defendants. In the argument it was contended that proper foundation had not been laid for a demand of discovery, that discovery could not be required in connection with the relief prayed, and that the proper foundation for such relief was not laid in the pleadings, as is set out in more detail here below.

The questions raised concerning the application for discovery can best be discussed, I think, after a consideration of the nature of the relief asked, and the allegations upon which it is claimed.

What is that relief? Much of the argument proceeded on the assumption that the liability for the return of withdrawn assets is a statutory liabil-

212

ity, and that we are concerned with the various rules for the enforcement of such a liability, especially in a state foreign to that of the creation of the corporation. But no statute is alleged in bill showing a specific provision for such a liability, and we must assume there is none, and that we are relegated to the general rules of the law of corporations for what provisions there may be. And apart from the rule of pleading which brings us to this conclusion, I think it may confidently be assumed that the statutes of Delaware do not contain a provision specifically making a stockholder liable for the repayment of withdrawn assets, either to a creditor or to the corporation. The statutes pleaded do prohibit the reduction of capital stock without the payment of previously contracted obligations.

It is a clear rule of general law that stockholders who have assets of the corporation withdrawn without the payment of previously contracted debts, will be held liable to creditors, upon a showing that satisfaction cannot be obtained from the corporation itself. Ordinarily, of course, the remedy for the satisfaction of a debt is at common law by way of judgment and execution upon the corporate assets. But when it is shown that, after a judgment has been obtained, execution has failed to bring satisfaction, then the creditors may invoke the aid of a court of equity, and, availing themselves of the equitable doctrine that the subscribed capital of a corporation is a trust fund for its creditors, pursue into the hands of stockholders any of the corporate asests which have been withdrawn without having been cleared of this trust. And this proceeding may be resorted to in the courts of any state where the assets may be located.

2 Story's Equity Jurisprudence, Sec. 252.

Hastings vs. Drew, 76 N. Y., 9. 15.

Bartell vs. Drew, 57 N. Y. 587.

Brew vs. Mich. Salt Assn. et al., 58 Mich. 351.

Railroad Co. vs. Howard, 7 Wall, 392, 409, &c.

It has been held in the New York cases just cited—cases frequently referred to for illustration of these rules —that the creditors so pursuing assets into the hands of stockholders, have no concern with other creditors, nor have they with other stockholders or with questions of contribution toward the payment of debts of the plaintiffs. On the contrary, the New York court says, the proceeding is not one for winding up the affairs of a corporation, or marshalling its assets, but the ordinary one "to collect a debt from a debtor unwilling to pay" (57 N. Y. 589). Consequently a single creditor was permitted to follow a single stockholder in those cases. It is there conceded, however, that the creditor may proceed for contributive payment of his debt if "he chooses to intervene to settle equities that may exist between his debtors." The conclusion from this view is, therefore, that a single creditor may proceed in equity directly against the assets, by a process equivalent to execution on corporate assets, disregarding other creditors, other assets and other stockholders. Or, he may proceed for an apportionment among stockholders according to the assets withdrawn by them respectively, and may do so without regard to other creditors and without filing suit on their behalf.

This view seems not to be that held by other authorities, and I venture to think it is not a logical working out of the theory upon which equity takes jurisdiction of the subject matter. It is not questioned and cannot be, that (apart from statutory provision for it) a creditor of a corporation has no right to follow into the hands of stockholders the assets with which that corporation has previously parted possession and ownership, except by availing himself of the purely equitable doctrine that the subscribed capital is a trust fund for creditors. Now, a trust fund for the benefit of creditors by its very name implies that the fund in equity is to be taken up and administered for all the beneficiaries that is all the creditors. And this being true it follows that the suit should be on behalf of all creditors who have rights in the funds and may enter. While the point was not specifically before the court for decision, in Norris vs. Johnson, 34 Md. 485, 489, the court seems to have proceeded upon the assumption that this was one of the distinguishing requirements of the equitable jurisdiction. My conclusion is therefore that the bill in this case, seeking as it does

the payment of a single creditor, and failing to invoke the jurisdiction on behalf of other creditors, is demurrable. It may be that there are no other creditors entitled to share in the trust fund; but, if so, that fact should be shown.

Brewer vs. Mich. Salt Assn. et al., 58 Mich. 351.

It seems established that the creditors' bill may be filed against one or more stockholders.

10 Cyc., 655.

2 Cook on Corporation, Sec. 549.

Singer vs. Hutchinson, 183 Ill., 606, 620.

It may be questioned, however, whether the complainant may go further, and have an accounting and adjustment of the equities between all stockholders in relation to this debt, as the fourth prayer contemplates, without a different proceeding to bind other stockholders. That question has not been argued, and as the demurrer will be sustained on other grounds, I shall not decide it now without argument.

2 Cook on Corporations, Sec. 549, n. page 1500.

Singer vs. Hutchinson, 183 Ill. 606, 620.

Another question is whether relief can be granted against the individual stockholders merely upon the allegations of insolvency of the corporation, and judgment and unsatisfied execution out of the state of the creation of the corporation. The equitable doctrine of the trust fund is pressed only upon a showing that the legal remedies against the corporation have been pursued and found fruitless. A mere charge of insolvency is not sufficient. It is a necessary condition precedent that a valid judgment shall have been returned unsatisfied wholly or in part, unless there is a receivership or some such condition as to demonstrate in advance the futility of execution.

2 Cook on Corporations (6 ed.), Sec. 549.

Sturges vs. Vanderbilt, 73 N. Y. 384.

That general rule seems to be embodied in the Delaware statute (Sec. 51) set out in the bill.

But where must the execution have issued and have been returned unsatisfied? May creditors, merely upon securing judgment and having execution returned unsatisfied in a state foreign to that of the creation of the corporation pursue funds in the hands of individual stockholders there? The jurisdictional requirement that the remedies against the corporation by judgment and execution must first be exhausted, as I view it is not merely an application of the rule that equity is supplementary to the law, and acts only when legal remedies are inadequate. If it were we might conclude, perhaps, that it is a requirement as to the forum only, and that the inadequacy of the legal remedy would be established by return of execution unsatisfied there. But the requirement is rather of the essence of the trust fund theory. Equity applies the theory of the trust to corporate funds withdrawn only upon the establishment of the inability of the corporation to respond out of funds still in its hands. Primarily the assets held by the corporation, if it has any available, are to be found in the state of its creation. And in the face of that fact, I do not see that the court can assume this necessity of proceeding against the stockholders, which is a fact essential to the trust, until the futility of execution in Delaware is shown. This would seem to follow further from the requirement of Sec. 51 of the Delaware statute, as it places the condition upon the application of the trust fund theory to corporations of that state.

Sturges vs. Vanderbilt, 73 N. Y. 384.

2 Cook on Corporations, Sec. 548 n.

Lawrence vs. Greenup, 97 Fed., 906.

This question was argued at the hearing only as it arose under the Delaware statute, and I prefer to have further argument before deciding it.

The name of the corporation suggests that it may have been incorporated for the purpose of carrying on business primarily in Maryland, and that its assets may all have been held here; but no such fact is alleged, and I am not permitted to assume it from the corporate name.

The objection to the prayers for discovery that they are not supported by allegations, that the facts sought are to be had only from the defendants, and that they are necessary to the proof of the plaintiff's case, seems to be well taken.

Oliver vs. Palmer, 11 G. & J. 426.

Miller's Equity, p. 839.

214

A question I have already raised, concerning the propriety of the complainant's undertaking to adjust the equities between all stockholders in this proceeding, casts doubt, in my mind on the propriety of the prayer for discovery of the names of all other stockholders and of the amounts withdrawn by them. The discovery would be proper or improper according as the relief may or may not be had in this proceeding. That objection to the prayer for discovery is not fatal upon general demurrer (14 Cyc. 318); and I should prefer further argument on this point, also before deciding it.

Other objections raised by the prayers for discovery I think not well taken.

It will be seen that on the conclusions I have stated the demurrer must be sustained. Further questions, and possible objections which I have pointed out seem, however, to arise upon the pleadings, and I think it better these should be argued fully now and disposed of before the complainants proceed with amendments and the preparation of further pleadings. The case will be set down for a rehearing at an early day convenient to the parties.