PEOPLE ex rel. NEW YORK TELEPHONE CO. et al. v. PUBLIC SERVICE COMMISSION, SECOND DISTRICT.

METROPOLITAN TELEPHONE & TELEGRAPH CO. v. NEW YORK TELEPHONE CO.

(Supreme Court, Appellate Division, Third Department. May 22, 1913.)

1. TELEGRAPHS AND TELEPHONES (§ 28*) — FURNISHING SERVICE — PUBLIC SERVICE COMMISSION.

Since the Public Service Commission may act without complaint, it is no defense to action by the Commission, on a complaint by a corporation that the New York Telephone Company refused to furnish service because the complainant had a corporate name similar to the name of the predecessor of the New York Telephone Company, that the corporation asking service was a Delaware corporation and the corporation making the complaint had been domesticated as a New York corporation, especially where the New York Telephone Company stated that it would not put such name in its directory for anybody.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 16, 17; Dec. Dig. § 28.*]

2. CORPORATIONS (§ 394*)—PUBLIC SERVICE COMMISSION—NATURE.

A Public Service Commission is an administrative body established by the Legislature for the paramount purpose of protecting and enforcing the rights of the public under the statute creating the Commission, which should be construed with that in view.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1576; Dec. Dig. § 394.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TELEGRAPHS AND TELEPHONES (§ 28*) — FURNISHING SERVICE — PUBLIC
SERVICE COMMISSION—SCOPE OF INQUIRY.
    Where a corporation assumes a name which the Secretary of State
certifies to be unlike that of any corporation existing in the state, the
Public Service Commission may not refuse to compel the New York
Telephone Company to furnish service to a New York corporation on
the ground that the name assumed by the latter corporation was in
fact the same name as the predecessor of the New York Telephone Com-
pany, which was in existence for the purpose of being wound up.
    [Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig.
§§ 16, 17; Dec. Dig. § 28.*]

Certiorari by the People, on the relation of the New York Tele-
phone Company and the Metropolitan Telephone & Telegraph Com-
pany, against the Public Service Commission. Action of Public
Service Commission confirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

Charles T. Russell, of New York City, for relator New York Tele-
phone Co.

Blandy, Mooney & Shipman, of New York City, for relator Met-
ropolitan Telephone & Telegraph Co.

Ledyard P. Hale, of Albany, for Public Service Commission.

LYON, J. On August 6, 1912, the Metropolitan Telephone &
Telegraph Company, an organization incorporated under the laws of
the state of Delaware, hereinafter called the "Delaware corpora-
tion," made application to the New York Telephone Company, a do-
mestic corporation located in the city of New York, engaged in the
business of furnishing telephone service, for the installation of tele-
phones in the applicant's office in the city of New York. The ap-
plicant signed the usual contract required by the New York Tele-
phone Company, and gave its check for the advance payment re-
quired. On or about the 22d day of August, 1912, the New York
Telephone Company returned such contract, repaid such advance
payment, and refused to furnish telephone service to applicant, stat-
ing as the reason for such refusal that the corporate name of the ap-
plicant was the same as that of the predecessor of the New York
Telephone Company.

On or about the 30th day of August, 1912, the Metropolitan Tele-
phone & Telegraph Company, a domestic corporation, hereinafter
called the "New York corporation," was duly incorporated; its cer-
tificate of incorporation being filed and recorded in the office of the
clerk of the city and county of New York on that day.

On or about September 16th, 1912, the New York corporation
filed with the Public Service Commission, Second District, its com-
plaint that the New York Telephone Company refused to furnish
complainant telephone service at its office in the city of New York,
and asking that the Commission make an order requiring the New
York Telephone Company to install a switchboard and furnish such
service. Thereupon the Commission forwarded a copy of the com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaint to the New York Telephone Company, accompanied by an order requiring that the matters complained of be satisfied by said company or that the charges made in said complaint be answered in writing by said company. The New York Telephone Company duly answered said complaint putting in issue the allegations as to the incorporation of complainant, alleging that the application for such service was made by the Delaware corporation having the same name as the complainant; that the New York Telephone Company found that it could not properly and lawfully furnish service to the complainant by reason of the facts set up in the second defense in said answer, causing such reason for declining to furnish such service to be communicated verbally to said Delaware corporation. The said facts set up in the second defense were that during the entire period between the years 1880 and 1896 the Metropolitan Telephone & Telegraph Company, a New York state corporation, hereinafter called the "original corporation," having its principal place of business in the city of New York and being the only company engaged in the telephone business within the city of New York, transferred all its assets to the New York Telephone Company, which assumed all its liabilities and which has since operated said telephone system; that at the time of said transfer in 1896 there were outstanding bonds of said original corporation to the amount of about $1,900,000, and that about $1,500,000 thereof are yet outstanding; that said original corporation continues in existence for the purpose of discharging its debts, collecting and distributing its assets, and doing all other acts required by suit or otherwise for the purpose of adjusting and winding up its affairs; and that the assumption by the complainant of the name "Metropolitan Telephone & Telegraph Company," and its incorporation in New York state, were in violation of and a fraud upon the laws thereof, in that the name of the complainant was the same as that of said original corporation, and that the use of such name by the complainant would deceive the public, thereby causing great injury to the public, to the New York Telephone Company, and to said original corporation.

The matter came on for hearing before the Public Service Commission October 14, 1912; the Metropolitan Telephone & Telegraph Company of New York and the New York Telephone Company each appearing by counsel. On October 15, 1912, said Commission granted an order that the New York Telephone Company furnish telephone service to the complainant and place complainant's name in its directory upon complainant complying with all reasonable rules and regulations and making payment for such service one month in advance, and that the New York Telephone Company notify the Commission within five days after the receipt of the order whether it had accepted and obeyed the same. On or about the 19th day of October the New York Telephone Company notified said Commission in writing that it declined to accept and obey said order, and notified the Commission that it was then engaged in the preparation of a petition for a rehearing and stay of operation of said order and would present the same to the Commission forthwith. Immediately thereafter the New York Telephone Company presented to said

Commission its petition for rehearing and reconsideration of the case, alleging that said order made by the Commission was erroneous, unjust, and unreasonable for the reasons therein specified, which in brief were: (1) That the application August 6th for telephone service was made by the Delaware corporation, and that the record contains no evidence that complainant demanded telephone service prior to the making of the order; (2) that the entire capital stock of its New York corporation was unlawfully issued and later at the suggestion of the Commission was canceled, and that at the time said order was made the New York corporation had no capital stock whatever outstanding, had never commenced the transaction of business, and was not a legally existing corporation; (3) that said corporation was not legally incorporated, in that it had failed to comply with chapter 638, Laws of 1911, and chapter 2, Laws of 1912, relating to corporate names; (4) that said order disregarded the fact that the said original corporation of 1880 still continued in existence and would until its obligations and affairs had been adjusted and wound up, and that until such time the bondholders of the original corporation were entitled to the corporate name to the exclusion of the complainant, and that the only means by which the original corporation could be deprived of such right was by a judgment of a court of competent jurisdiction; (5) that the order was erroneous, unjust, and unreasonable in that it compelled the New York Telephone Company to enter into contructual relations with and to advertise an alleged corporation having the same name as that of the original corporation whose bonds the New York Telephone Company had assumed, to the damage of said respondent, of the holders of the bonds, and of the public generally; and (6) that said order was also erroneous, unjust, and unreasonable in that the New York corporation in adopting said name was acting, not in good faith, but fraudulently for the purpose of deceiving the public as to the value of and into the belief that the bonds issued by it and by the Delaware corporation were the bonds of the original corporation. The petition for rehearing then alleged that the original corporation was about to institute an action in equity to restrain the New York corporation from in any way using said corporate name, and to restrain the New York Telephone Company from contracting with the New York corporation or in any way recognizing the use of the corporate name by any corporation other than said original corporation.

At or about the same time the said original corporation presented to the Public Service Commission its petition for leave to intervene, alleging in general the grounds therefor stated in the said petition of the New York Telephone Company, and alleging that the purpose of incorporating the New York state corporation was the sequestrating and holding within the state of New York the said corporate name with the fraudulent and unlawful design of interfering with or preventing the original corporation from using its own corporate name. To the petition of the New York Telephone Company for a rehearing the New York corporation interposed its answer. On the 11th day of November, 1912, the Public Service Commission granted orders denying the petition of the original corporation to intervene, and also

denying the petition of the New York Telephone Company for a rehearing. On or about the 29th day of November, 1912, said original corporation filed with said Commission a petition for a rehearing of the application for leave to intervene, which on or about the 2d day of December said Commission denied. On the 3d day of December the New York Telephone Company obtained a writ of certiorari to review the aforesaid action of the Public Service Commission, and on the 6th day of December said original corporation also obtained a writ of certiorari for a like purpose. Returns to said writ were duly made December 14th. By order granted December 18th, upon stipulation of the attorneys for the respective parties, the two proceedings were consolidated under the title hereinbefore stated.

I think that the orders granted by the Public Service Commission were warranted and that its action should be confirmed.

[1] As to the defense interposed by the answer of the New York Telephone Company that the application for telephone service was made by the Delaware corporation and not by the New York corporation, there is no merit. No application whatever for telephone service was required before filing the complaint. In fact, no complaint was necessary, as the Commission had the right to act of its own motion. Public Service Commissions Law (Consol. Laws 1910, c. 48; Laws of 1910, c. 480) §§ 96, 97; City of Troy v. United Traction Co., 202 N. Y. 333, 95 N. E. 759. The complaint purported to have been made by the New York corporation; and, while it alleged the doing by it of certain acts which were in fact done by the Delaware corporation, yet the answer thereto recognized the complainant as the New York corporation, and the hearing was had before the Public Service Commission upon that theory. In fact, it is practically immaterial which company made the complaint, as the representative of the respondent stated at the hearing that the New York Telephone Company would not put the name Metropolitan Telephone & Telegraph Company in its directory for anybody.

[2, 3] As to the contention of the New York Telephone Company, and of the original Metropolitan Telephone & Telegraph Company, that the New York corporation had not the right to use the name of the original Metropolitan Company, it appears, as hereinbefore stated, that the original Metropolitan Company was voluntarily dissolved in August, 1896, pursuant to the provisions of chapter 932 of the Laws of 1896. Thereafter its existence and power to act as a corporation was limited by that statute to satisfying any existing obligations, collecting and distributing its assets, and doing all other acts required to be done by it in order to adjust and wind up its business and affairs, with the right to sue and subject to being sued, until its affairs were fully adjusted and wound up. In connection with the proceedings for such dissolution, the original corporation had transferred all its assets, not including its franchise to do business, to the New York Telephone Company, which assumed and agreed to pay all its debts, including said bonds. Thus the original corporation was practically wound up, as it had no property left with which to pay its bonds or other indebtedness. That the payment of its bonds was amply provided for is shown by the fact that they command a considerable

premium and are seldom offered for sale.   So far as appears, the:
original corporation does not seem to have held meetings of its stock-
holders or directors or to have kept up its organization.   The Legis-
lature having declared that proceedings pursuant to the provisions of
chapter 932, Laws of 1896, should work a dissolution of the corpora-
tion, no judicial or other determination of that fact was necessary;
but the corporate life became extinct except as the right to wind up
its business was saved by the provisions of such statute.   Sturges v.
Vanderbilt, 73 N. Y. 384.   Under this condition of affairs as to the.
original corporation, the New York corporation was incorporated, tak-
ing a name which the Secretary of State certified to be unlike that of
any corporation existing in this state as shown by the records of his
office.   As related to any action of the Public Service Commission the:
incorporation of the New York corporation was valid, and the purpose
for which it was incorporated and the business which it purported to.
be carrying on was legitimate.   The Public Service Commission had
no authority to assume the powers of a court of equity and determine
as to the respective rights of the various corporations to the use of the:
name Metropolitan Telephone & Telegraph Company, nor to adjudi-
cate as to the various matters set forth in the petitions which are the
foundations of these proceedings.   The Public Service Commission
is an administrative body established by the Legislature for the para-
mount purpose of protecting and enforcing the rights of the public,
and the statute creating the Commission should be construed with that
in view.   People ex rel. B. L. H. & P. Co. v. Stevens, 203 N. Y. 7,
96 N. E. 114.

The decision of the Public Service Commission was correct.   How-
ever, since the decision was made, an action in equity has been brought
by the original corporation, its directors and trustees, a holder of its.
bonds, and the New York Telephone Company, against said New
York and Delaware corporations to restrain them from using said
corporate name, in which action the Appellate Division of the First
Department has recently enjoined the use of such name by the defend-
ants during the pendency of the action.   While the action of the Pub-
lic Service Commission should be confirmed, the order that the New
York Telephone Company shall furnish telephone service to the New
York corporation and place its name in its directory should not be
effective during the period within which an injunction restraining the
New York corporation from using such name shall be in force.

Action of Public Service Commission confirmed, with $50 costs and
disbursements; the order granted by the Commission not to be ef-
fective, however, while an injunction restraining the New York cor-
poration from using said name shall be in force.   All concur..