In the Matter of the Application of PHILIP H. DUER and Others, Appellants, Being the Directors and Trustees in Dissolution of GEO. P. IDE & Co., INC., a New York Corporation, for an Order Pursuant to Section 106 of the Stock Corporation Law, Settling Their Final Account as Such Directors and Trustees in Dissolution and Authorizing Them to Sell the Remaining Assets of Said Corporation. SPENCER TRASK & Co., Respondent.

Hill, P. J., Bliss and Heffernan, JJ., concur; Rhodes, J., dissents, with an opinion in which Crapser, J., concurs.

RHODES, J. (dissenting). Appeal by the liquidating directors and trustees in dissolution from an order made in dissolution proceedings at a Special Term of Supreme Court, Rensselaer county, in so far as such order determines that the respondent is entitled to receive from the petitioners herein certificates of participating preferred stock in exchange for respondent's preferred stock, and that respondent is entitled to receive out of the moneys in the hands of petitioners seventeen dollars per share upon each share of participating stock directed to be issued to respondent, and which further directs that respondent shall receive the same *pro rata* share of the proceeds of dissolution as may hereafter be paid to other holders of participating preferred stock.

Spencer Trask & Co., respondent, is the holder of 100 shares of the preferred stock of George P. Ide & Co., Inc., a domestic corporation in dissolution, and as such holder claims to be entitled to an exchange thereof for 268 shares of participating preferred stock of said corporation, with the right to payment out of the moneys in the hands of the liquidators of the sum of seventeen dollars per share, the amount heretofore paid per share by the liquidators to the holders of participating preferred stock, together with a right to share *pro rata* with other holders of participating preferred stock in the proceeds of dissolution. This claim has been upheld by the order appealed from.

The original certificate of incorporation provided for common stock of no par value and preferred stock, par value $100 per share.

In 1928 the capital structure of the corporation was reorganized pursuant to a plan which was adopted and made a part of the corporate minutes at the time of its adoption, whereby the certificate of incorporation was amended pursuant to section 36 of the Stock Corporation Law, so as to authorize and provide for the issuance of participating preferred stock which should have preference as to dividend payments before the payment of dividends upon the other classes of stock.

It further provided that in the event of liquidation or dissolution of the corporation, the holders of participating preferred stock should be entitled to receive fifty-five dollars per share, together with certain specified amounts for accumulated dividends.

The amended certificate of incorporation authorized the issuance of 56,280 shares of participating preferred stock and provided that the same might be issued in place of and in exchange for the shares of preferred stock of the corporation outstanding on April 1, 1928, at the rate of two and sixty-eight one-hundredths shares of said participating preferred stock for each share of said preferred stock. While the record does not seem to recite the fact, respondent's brief states, and so far as it is an admission against interest it is accepted here, that the certificate also provided that such participating preferred stock might be issued " as and for such consideration as, the Board of Directors may from time to time determine."

The reorganization plan stated that none of the holders of stock were to have any subscription rights " in respect of the Participating Preferred Stock."

The respondent concedes in the record that the plan for the change in the capital structure and for the amending of the certificate of incorporation was duly consummated; that respondent did not deposit its certificate for 100 shares of the old preferred stock pursuant to the plan, did not consent to the plan in any manner, and did not, under subdivision 12 of section 38 of the Stock Corporation Law, object to the recapitalization plan, and demand payment for its shares, and thus place itself in a position to have its shares appraised.

The plan as a condition for the exchange of participating preferred stock for the old preferred stock required compliance by the holders of the preferred stock with the terms of the plan and contemplated surrender of the shares of the preferred stock with all rights thereunder.

Numerous notices were given to the holders of the preferred stock, and they were urged to exchange their preferred stock for participating preferred stock between the time of the amending of the certificate of incorporation in April, 1928, until the certificate of dissolution in June, 1933, but respondent took no steps to procure such exchange.

The plan above referred to recited among other things that; " It will thus be seen that the present Preferred Stock of the Company is to remain undisturbed except to the extent that it is voluntarily exchanged for new Participating Preferred Stock.  *  *  *  The Plan makes no provision for holders of the present Preferred Stock who do not become parties hereto in the manner herein provided."

Without a more detailed statement of the facts it sufficiently appears that regardless of the form of the transaction, it was, in essence, an offer on the part of the corporation to sell its authorized participating preferred stock in exchange for outstanding preferred stock of the company, or for such other consideration as the board of directors might determine, and that respondent, prior to dissolution, made no effort to accept or to comply with this offer.

Section 69 of the Stock Corporation Law provides that no corporation shall issue either shares of stock or bonds, except for money, labor done or property actually received for the use and lawful purposes of such corporation, and that any corporation may purchase any property authorized by its certificate of incorporation, or necessary for the use and lawful purposes of such corporation, and may issue stock to the amount of the value thereof in payment therefor, and that in the absence of fraud in the transaction, the judgment of the directors as to the value of the property purchased shall be conclusive.

Section 105 of such law provides that upon the filing of a certificate of dissolution and after the issuing thereupon of a certificate of the Secretary of State showing the due filing thereof by the corporation, " the corporation shall thereupon cease to carry on business except for the purpose of adjusting and winding up its business. * * * Such corporation shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and may sue and be sued in its corporate name."

In *Security Trust Co.* v. *Pritchard* (201 App. Div. 142), which construed an earlier statute relative to voluntary dissolution, it was said: " The corporation continues in existence, *not to exercise any corporate power, or to transact any new business*, but ' for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs, and may sue and be sued ' for such purpose."

Similarly it was said in *People ex rel. N. Y. Tel. Co.* v. *Pub. Serv. Com.* (157 App. Div. 156) that the Legislature having declared that proceedings under the then statute " should work a dissolution of the corporation, no judicial or other determination of that fact was necessary, but the corporate life became extinct except as the right to wind up its business was saved by the provisions of such statute." To the same effect, see *Sturges* v. *Vanderbilt* (73 N. Y. 384); *McCulloch* v. *Norwood* (58 id. 562).

The respondent having entered into no engagement with the corporation to purchase any of the authorized issue of participating preferred stock by an exchange therefor of respondent's preferred stock or otherwise, it logically follows that there was no right existing in the respondent to demand such participating preferred stock after the dissolution of the corporation. There was no claim belonging to the respondent to be adjusted, compromised or settled, relative thereto. (See *Noble* v. *Great American Ins. Co.*, 200 App. Div. 773.)

The order, in so far as appealed from, should be reversed on the law, with costs, and the application therefor should be denied, with ten dollars costs.

Crapser, J., concurs.