MARCEL KOVARSKY, on Behalf of Himself and All Other Similarly Situated Consumers of Gas Supplied by the Brooklyn Union Gas Company, Appellant, *v.* THE BROOKLYN UNION GAS COMPANY, Respondent.

Second Department, April 8, 1938.

*Israel Beckhardt,* for the appellant.

*Jackson A. Dykman* [*Dimitri G. E. Eristoff* with him on the brief], for the respondent.

CLOSE, J. The plaintiff in this action seeks to enjoin the defendant from exacting payment of a charge of one dollar and two cents for the restoration of gas service which had been temporarily discontinued. His complaint has been dismissed for lack of jurisdiction and for failure to state a cause of action. The action, by appropriate allegations, is brought in behalf of the plaintiff and all other consumers of gas similarly situated.

In his complaint he alleges that he resides in Brooklyn and is a private consumer of gas supplied by defendant; that defendant is a domestic gas corporation engaged in supplying gas to consumers in Brooklyn by virtue of various franchises; that on May 16, 1928, the defendant filed with the Public Service Commission a schedule of rates, which is still in effect, and which contains under section 2, subdivision X(b), the following provision: " (b) Where at the request of the Consumer, service is temporarily discontinued and the period of such discontinuance shall not exceed six (6) months, a reconnection charge of One ($1.00) Dollar shall be paid by the Consumer upon resumption of service."

That on June 5, 1936, at the plaintiff's request, defendant discontinued the supply of gas to his residence and locked the meter; that on September 9, 1936, at the plaintiff's request, defendant unlocked the meter and restored the gas supply; that on October sixth defendant billed the plaintiff for one dollar and ninety-one cents; consisting of one dollar as a reconnection charge, two cents as a sales tax on such charge and eighty-nine cents for gas furnished; that the plaintiff paid only the eighty-nine cents, and that defendant has continued to send bills for the reconnection charge and sales tax and has threatened to discontinue the supply of gas unless such bill is paid; that such reconnection charge is illegal and contrary to the provisions of subdivision 6 of section 65 of the Public Service Law; and that prior to the commencement of the action the plaintiff complained to the Public Service Commission, which refused to take any action.

The appeal raises three questions of law: (1) whether the plaintiff may bring a representative action; (2) whether the plaintiff has an adequate remedy at law; and (3) whether the reconnection charge is prohibited by subdivision 6 of section 65 of the Public Service Law.

The representative form of action is proper. (Civ. Prac. Act, § 195; *Whitmore* v. *New York Inter-Urban Water Co.*, 158 App. Div. 178.) The same duty to the community exists in the case of a gas corporation as in the case of a water company. (Transportation Corporations Law, § 12; Public Service Law, § 65, subd. 1.) *Marsh* v. *Kaye* (168 N. Y. 196) and *Bouton* v. *Van Buren* (229 id. 17) are not authorities to the contrary. The complaint in each of those cases was dismissed because, under the facts alleged, no cause of action in equity was stated, and not because of the representative form of action. Here the complaint was dismissed upon the ground that the plaintiff had an adequate remedy at law.

The defendant's argument in support of that determination is as follows: The Public Service Commission has exclusive jurisdiction to determine the rates and charges to be made by a public

utility company. Upon the complaint of twenty-five or more consumers, the Commission may investigate and revise any such charge. (Public Service Law, §§ 71, 72.) If the Commission fails to act upon the complaint, it may be compelled to do so by mandamus. If it acts unfavorably to the complainant, its determination may be reviewed by certiorari. The defendant concludes that the plaintiff must make such an application to the Commission (in which at least twenty-four other consumers must join), followed by either mandamus or certiorari if no relief is granted by the Commission. The defendant says also that the acceptance by the Public Service Commission of the rate schedule amounted to an allowance of all the rates and charges contained therein, and that such action is reviewable only in certiorari.

These arguments are based on a misconception of the functions of the Public Service Commission. The Commission has only such powers as are specifically conferred by statute or necessarily implied therefrom. (*People ex rel. Municipal Gas Co.* v. *P. S. Comm.*, 224 N. Y. 156.) The Legislature has clothed it with the power to fix just and reasonable rates and charges, after hearing and investigation. (Public Service Law, §§ 66, 71, 72.) The evident intent is that the Commission shall function as a fact-finding body; that where a rate or charge is permissible at all, the Commission shall determine what amount is just and reasonable. It seems equally evident that it is not the function of the Commission to determine questions of law. " The Commission has no judicial functions to discharge." (*People ex rel. New York Steam Co.* v. *Straus*, 186 App. Div. 787, 798.)

The plaintiff in this action does not claim that the reconnection charge is unjust or unreasonable in amount. He claims that any charge at all is forbidden by the statute. The question which he raises is purely one of law, and the Public Service Commission is without power to determine it.

The cases cited by defendant involved the reasonableness of the charge made where *some* charge was authorized by law. There is no doubt that, in such a case, resort must be had to the Public Service Commission in the first instance. But the rule is otherwise when the only point at issue is whether any charge at all is authorized. The conclusion necessarily follows that the plaintiff has no adequate remedy before the Public Service Commission, or at law, and that the action in equity will lie.

The last question is whether the reconnection charge is a service charge and hence prohibited by subdivision 6 of section 65 of the Public Service Law. Of course, if the charge is not prohibited by law the complaint states no cause of action. Subdivision 6 of

section 65 reads as follows: " Service charges prohibited. Every gas corporation shall charge for gas supplied a fair and reasonable price. No such corporation shall make or impose an additional charge or fee for service or for the installation of apparatus or the use of apparatus installed."

This subdivision was enacted by chapter 898 of the Laws of 1923, apparently for the purpose of overcoming the decision of the Court of Appeals in *City of Rochester* v. *Rochester Gas & El. Corp.* (233 N. Y. 39). The defendant in that case was charging its customers, in addition to a fixed rate for gas consumed, a service charge of forty cents a month. The action was for an injunction restraining the collection of the service charge. It was held by the Court of Appeals that the charge was not unlawful. The opinion of CARDOZO, J., contains a discussion of the nature and propriety of a service charge. The charge was defined as follows (p. 52): " It is compensation for expenses that must be incurred to put the meters in such a condition that the use may be enjoyed."

As stated above, the law was amended at the next legislative session so as to prohibit any service charge. It is a fair conclusion that the service charge which the Legislature had in mind was the kind of charge discussed and defined in the *Rochester* case, that is, a charge made to meet the expense of putting the meters in usable condition.

The reconnection charge involved here falls squarely within that definition. So far as appears from the complaint, the service rendered by defendant consisted solely of unlocking the meter.

The test to apply is this: Does the customer have to pay if he uses no gas? If he does, it is a service charge. It is a charge made for " readiness to serve;" if the customer pays nothing unless he uses some gas, it is not a service charge but a rate under the jurisdiction of the Public Service Commission. (*McCormick* v. *Westchester Lighting Co.*, 238 App. Div. 845.)

The defendant contends that the reconnection charge is some kind of a peculiar charge which is *sui generis*. The argument is that the charge is made for a special service to a particular consumer. That may be conceded, but with the qualification that the same charge in the same amount is made against *all* consumers who demand that service. In any event, I cannot see how the charge is any different in nature from a charge " for the installation of apparatus," which is expressly forbidden by the statute. Certainly the installation of apparatus requires personal service to a particular consumer, just as much as the unlocking of the meter which constitutes the reconnection.

It follows that the reconnection charge described in the complaint violates the statute. The court has jurisdiction and the complaint states a cause of action.

The order and judgment should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CARSWELL and JOHNSTON, JJ., concur; DAVIS, J., with whom ADEL, J., concurs, dissents and votes to affirm, with memorandum.

DAVIS, J. (dissenting). The provisions of section 65 of the Public Service Law are not applicable to the state of facts presented on this record. The words " an additional charge or fee for service or for the installation of apparatus or the use of apparatus " mean such charge may not be exacted where the service, installation or use is for the benefit of the gas company in rendering service from which it ultimately derives compensation from the consumer.

Here, as the record sufficiently shows, the defendant was asked to render special service not required by all consumers. That was to lock the meter when the plaintiff went away on vacation during the summer months, to the end that no one else could use gas at plaintiff's expense during that period, and then to unlock the meter and make the supply available to him when his vacation ended. This was solely for the benefit of plaintiff and not of the gas company. It was a service that defendant was not bound to furnish except for the convenience and benefit of plaintiff. Compensation therefor was implied; and the rate schedule filed with the Public Service Commission made this type of charge legal. In my opinion the order and judgment should be affirmed.

ADEL, J., concurs.

Order and judgment reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to answer within ten days from the entry of the order hereon.