Peck, J.
This action was instituted in the Municipal Court to recover damages for the loss of a dog through the negligence of defendant, a common carrier, in transporting the dog. Plaintiff moved for summary judgment. There is no question of fact presented, and the question of law is whether plaintiff •is entitled to recover the sum of $125, representing the declared value of the dog, on account of which declaration plaintiff paid to defendant $1 for an increased valuation over $25, which was the limited value of a dog under respondent’s tariff, or whether plaintiff is entitled to recover only the limited value of $25, plus the $1 paid for an ineffective increased valuation. The court granted summary judgment for $26 and the Appellate Term affirmed.
The dog was shipped uncrated in the baggage compartment on a baggage check which declared the value of the dog to be $125. The baggage tariff provided for a limited value on an uncrated dog of $25. The limited value, according to the tariff, on a crated dog was likewise $25 unless the shipper declared an increased valuation and paid $1 for each $100 over the valuation of $25. The tariff did not permit an increased valuation for an uncrated dog. Nevertheless, both plaintiff and defendant’s baggageman proceeded upon the assumption that a higher value could be declared and the contract was made on that basis. It is defendant’s position *498 that the contract is invalid, as being beyond the permission of the tariff, and that plaintiff may not enforce the contract by virtue of subdivision (7) of section 6 of title 49 of the United States Code, which prohibits extending to any shipper or person any privileges or facilities except as specified in the tariffs, and under that well-recognized line of cases holding that an unauthorized contract of carriage may not be enforced and that no recovery may be had for breach of contract to provide a service not authorized by the tariff (Chicago & Alton R. R. Co. v. Kirby, 225 U. S. 155; Atchison, Topeka & Santa Fe Railway Company v. Robinson, 233 U. S. 173; Louisville & Nashville Railroad Company v. Maxwell, 237 U. S. 94; Davis v. Henderson, 266 U. S. 92). Plaintiff relies on subdivision (11) of section 20 of title 49 of the United States Code, which imposes liability on a carrier for full actual loss, notwithstanding any agreement or attempt to limit liability, unless the carrier has filed approved rates with the Interstate Commerce Commission, which rates are dependent upon value, and a value be declared in writing as the released value of. the property. Plaintiff contends that, if the defendant may annul the declaration of value, the case becomes one where there is no released value and defendant is, therefore, liable for full actual loss. Defendant counters with the contention that the dog was baggage, and under subdivision (11) of section 20 of title 49 of the United States Code, the provisions respecting liability for full actual loss do not apply to baggage. As to this plaintiff contends, citing Boston & Maine R. R. Co. v. Hooker (233 U. S. 97); N. Y. Central & Hudson River R. R. Co. v. Beaham (242 U. S. 148, 151), Galveston, etc. Ry. Co. v. Woodbury (254 U. S. 357); Hartzberg v. New York Central R. R. Co. (181 Misc. 129, affd. 268 App. Div. 904, affd. 295 N. Y. 703, certiorari denied 328 U. S. 849) that the rule is the same as to baggage as it is to freight; Plaintiff further contends that the dog was not baggage under the definition of baggage in the tariff.
We agree with plaintiff that the dog was not baggage and, therefore, do not consider the question of whether the rules of liability are different as between baggage and freight. While the dog was carried in the baggage compartment, various provisions of the tariff make it clear that baggage is personal effects which are checked on a ticket for personal transportation. There are “ additional articles ”, including dogs, which may be handled in the baggage service, but the description and treatment of these articles in the tariff show that they do not come within the limited definition of “ baggage ”.
We conclude, therefore, that defendant might limit its liability for loss of the dog only by obtaining a released value *499 of the dog in accordance with its tariff. The limitation of liability contained in the tariff, without being brought to the shipper’s attention in the form of a declared value in the baggage receipt or bill of lading, is unavailing to exempt the carrier from full liability. (Loeb v. Friedman’s Express, Inc., 187 Misc. 89, affd. 271 App. Div. 873, affd. 296 N. Y. 1029, certiorari denied 331 U. S. 851.)
Defendant obtained a released value of $125 but seeks to avoid that commitment. We believe it is entitled to do so and that it is correct in its contention that the contract may not be enforced. Rendering the contract a nullity, however, results in there being no released value for the dog in this case. Defendant is, therefore, liable for full actual value. Apart from the. stipulation of the parties, made in connection with the motion for summary judgment, that if plaintiff is entitled to prevail its damages should be fixed in the sum of $125, there would be a triable issue as to the value of the dog. The only triable issue is avoided by this stipulation. The determinations of the courts below should be modified by granting summary judgment to the plaintiff for $125, with interest, and, as so modified, affirmed, with $20 costs and disbursements in this court and $10 costs in the Appellate Term.
Cohn, Callahan and Van Voobhis, JJ., concur.
Determination of the Appellate Term and order of Municipal Court unanimously modified by granting summary judgment to the plaintiff for $125, with interest, and as so modified affirmed, with $20 costs and disbursements to the appellant in this court and $10 costs in the Appellate Term. Settle order on notice.