JULIA COHEN et al., Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Queens County, September 29, 1947.

*Louis Jacobus* and *Robert Cooper* for plaintiffs.

*Herman Haken* for Murray Wunderlich, defendant.

*Charles E. Murphy, Corporation Counsel (Frank J. Horan* of counsel), for City of New York, defendant.

HALLINAN, J. In an action to recover damages for personal injuries allegedly sustained by reason of the negligence and nuisance of both defendants, plaintiffs move for an order striking an affirmative defense from the individual defendant's amended answer on the ground that it is insufficient in law.

In his affirmative defense, said defendant alleges that he leased certain premises, known as " Ostend Shore and Beach Club " from the City of New York. By the terms of the lease, he was required to reserve, free of all charges, certain bathing lockers for guests of the Traymore Hotel. Plaintiff wife was a guest of the Traymore and defendant permitted her as such to use one of the lockers so reserved, issuing to her a written pass on which appeared the following language: " In consideration of the use of Ostend Shore and Beach Club Inc., and Ostend, Inc. premises, without charge, the person whose name appears on this ticket or any person using this ticket, hereby releases Ostend Shore and Beach Club Inc. and Ostend Inc., from any and all claims for personal injuries or property damage whether the said injury or damage shall be caused by or be due to negligence of Ostend Shore and Beach Club, Inc. and Ostend, Inc., its agents, servants or employees, or otherwise." It is not alleged that plaintiff signed this pass or even read it.

Plaintiffs claim that this defense is insufficient since defendant, by the terms of his lease with the City of New York, was required to permit the injured plaintiff to use the club facilities without charge and, therefore, had no authority to prescribe conditions under which she might exercise that right. The court agrees with this contention.

While the legal duty to use reasonable care may, with certain exceptions, be limited or eliminated by contract, it may not be abolished by unilateral say-so. The pass issued to plaintiff by

defendant was not supported by the consideration necessary to give it the dignity of a contract. The recited consideration, that plaintiff might use the premises without charge, conferred nothing on her, since she already had the right to use the beach club without charge. In the absence of consideration, a release, even of a past-due obligation, must be in writing and signed by the party against whom it is sought to be enforced. (Personal Property Law, § 33, subd. 2; *Morrison Estates, Inc., v. H. & M. Amusement Co., Inc.,* 17 N. Y. S. 2d 565.) See, also, *Klar* v. *H. & M. Parcel Room* (270 App. Div. 538, affd. 296 N. Y. 1044) involving an ineffectual attempt by a bailee to limit its common-law liability, and *Loeb* v. *Friedman's Express* (187 Misc. 89, affd. 271 App. Div. 873, affd. 296 N. Y. 1029, certiorari denied 331 U. S. 851), and *Booxbaum* v. *Atlantic Coast Line R. R. Co.* (272 App. Div. 496) treating of the same problem with respect to carriers.

The matter alleged herein as a separate defense is insufficient in law and plaintiff's motion to strike it from the amended answer is granted.

Submit order accordingly.