Van Voorhis, J.
(dissenting). The action is brought to recover against an interstate carrier by truck for the loss of three separate shipments of men’s garments while in transit from Philadelphia, Pa., to Washington, D. C. The partial defense to which the motion was addressed alleges the filing of tariffs with the Interstate Commerce Commission whereby defendant’s laibility was limited to not exceeding $50 for any shipment of 100 pounds or less, or not exceeding fifty cents per pound actual weight in any shipment in excess of 100 pounds, unless a greater value was declared, in which event the charges would be ten cents additional for each $100 or fraction thereof in excess of the value stated above. No shipment having a declared value in excess of $200 was to be accepted.
*663 It is alleged that the plaintiff accepted bills of lading upon which were indorsed the following: “ Safeway Trails, Inc., will not be liable for a greater amount than $50.00 for loss of or damage to any shipment unless a greater valuation than $50.00 is declared at time of shipment and such excess valuation charges are paid.”
The moving affidavit shows that the three cartons alleged to have been lost in three separate shipments weighed, respectively, 203 pounds, 446 pounds and 257 pounds. That meant that the release rates on file with the Interstate Commerce Commission authorized the defendant to limit its liability to $101.50, $223 and $128.50 in each instance, respectively, unless the shipper elected to pay an increased rate, which it did not do. The bills of lading specified the shipping charges, but incorrectly stated that in event of loss there was a $50 maximum limitation of liability for each shipment. The bills of lading thus understated the limitation of liability fixed by the approved tariffs on file with the commission.
While it is true that in accepting these bills of lading the shipper purported to limit defendant’s liability to $50 for each shipment, and that, therefore, in a sense, it may have been an agreeable surprise to the shipper to discover that it was entitled to more under the filed tariffs than the carrier had led it to believe, this is scarcely a justification for the use of misleading bills of lading by the carrier. While this lawsuit is between the parties to the action, it involves questions which must be decided in relation to public policy as expressed in the Federal statutes. Although it is true that the carrier is willing to pay the plaintiff at the higher figures represented by the filed tariffs rather than in accordance with the terms of the bill of lading, the carrier fell short of its duty by using misleading bills of lading which might easily have led less wary or less favored shippers to settle losses for less than half of what they would have been entitled to receive.
Subdivision (11) of section 20 of title 49 of the United States Code imposes liability on a carrier for full actual loss, nothwithstanding any agreement or attempt to limit liability, unless the carrier has filed approved rates with the Interstate Commerce Commission, which rates are dependent upon value, and unless a value be declared “ in writing as the released value of the property ” (italics supplied). The purpose of the statute in requiring the released value to be declared by the shipper, is to give reality to the legal fiction that the shipper will be acquainted with the maximum liability, in case of loss, expressed in the filed tariffs, by requiring it to be inserted in the bill of lading or other shipping documents. It is true that this requirement has been, to some extent, mitigated by American Ry. Express Co. v. Lindenburg (260 U. S. 584) where it was held that it was not necessary for the shipper to sign a release provided that he acted upon a shipping receipt signed by the carrier which stated the maximum liability, and by Kansas City So. Ry. Co. v. Carl (227 U. S. 639, 656), wherein it was held that the shipper is presumed to know the rate-value relationship. Following the latter case, it was held by the Appellate Term, First Department, in Kaufman v. Pennsylvania R. R. Co. (47 N. Y. S. 2d 639, affd. 64 N. Y. S. 2d 690) that if a bill of lading contained a statement of the transportation rate, but no statement of the maximum liability in case of loss, the shipper was presumed to know the latter on account of having agreed to pay the former. In Loeb v. Friedman’s Express (187 Misc. 89, affd. 271 App. Div. 873, affd. 296 U. Y. 1029, certiorari denied 331 U. S. 851) the same Appellate Term held, however, that the shipper was not bound by the maximum limit prescribed by the filed tariffs, where the shipping documents set forth *664 neither the transportation rate nor the limit of liability provided for by the filed tariffs. It was there stated that the mere filing of the tariff with the Interstate Commerce Commission, and a statement in the bill of lading that the goods were received subject to the classifications and tariffs in effect, was not enough to bind the shipper to accept less than the full value in case of loss.
In Booxbaum, v. Atlantic Coast Line R. R. Co. (272 App. Div. 496, 499) this court held: “ The limitation of liability contained in the tariff, without being brought to the shipper’s attention in the form of a declared value in the baggage receipt or bill of lading, is unavailing to exempt the carrier from full liability.”
Although in the instant case the bill of lading states the transportation rate, it does not seem reasonable to hold the shipper under the facts of this case to a presumption of knowledge of the true limitation of liability contained in the tariff, since the purpose of the law in requiring it to be in the shipping documents was to make sure that the shipper would know what was in the filed tariff. Certainly an erroneous statement of the limitation of liability is equivalent to no statement at all,, and should be held to overcome any legal fiction that the shipper sees through the error and is acquainted with the rate-value relationship by knowing the contents of the files of the Interstate Commerce Commission. Although, for certain purposes, the shipper must be presumed conclusively to know the contents of the filed tariffs, the carrier is rendered liable by statute for the full value of a lost shipment unless a value be declared by the shipper in the shipping documents. There is not a compliance with this requirement where the shipping documents set forth a figure which deviates from the tariffs. It would be contrary to public policy to sanction such a practice by carriers, whether done inadvertently or otherwise. The point is not that this plaintiff, having learned the true situation, will not suffer by accepting $150 for these three shipments — the maximum provided by the bills of lading — instead of the $430 provided by the filed tariffs; the question is whether the defendant has complied with the law which states that it shall be subject to full liability unless certain things are done which it neglected, viz., having the bill of lading conform to the filed tariffs. A matter of public policy is presented, the decision of which will affect the rights of other shippers, who may be less astute or less favored than plaintiff, whom the Federal statute was designed to protect. The defendant, if held liable in this case, should be liable for the full loss.
The order appealed from should be reversed, with costs, and the partial defense in the answer, alleging the limitation of liability contained in the filed tariffs, should be stricken out without leave to amend.
Peck, P. J., Dore, Cohn and Callahan, JJ., concur in decision; Yan Yoorhis, J., dissents in opinion.
Determination affirmed, with costs and disbursements. Ho opinion. [See post, p. 768.]