Per Curiam.

The bill of lading, issued by a common carrier by truck, read in this case: “ When value is not declared, carrier will not assume any liability in excess of 50 cents per pound, or 50 dollars minimum.” Omission to mention any value of the goods in this bill of lading is nondeclaration of value. The situation is that which is described in the bill of lading as occurring “ when value is not declared ”. No value having been declared, the bill of lading does not constitute an agreement that the goods were worth any particular amount. Consequently any limitation upon liability to the shipper would have to be based upon a theory of estoppel. Any estoppel would need to be based upon conduct by the shipper misleading to the carrier. In a case where no value was declared in a similar bill of lading, nor any *408 freight charge paid, it was stated in an opinion by Mr. Justice Bernard L. Shientag at the Appellate Term:
4‘ It could not be said, therefore, that having accepted the benefit of the lower rate dependent upon a specified valuation, the shipper is estopped from asserting a higher value; nor could it be said in this case, even on the basis of a presumption of knowledge on the part of the shipper of the rate-valuation relationship, that there was anything in writing on the bill of lading to constitute an agreement as to valuation.
‘‘ In order to sustain a limitation of liability in this case we should be obliged to go beyond the earlier cases and to hold that where a bill of lading in the form here used, received by the shipper and signed by him, contains a legend calling for the declared value to be stated by the shipper, which value is not inserted, that in itself is tantamount to a declaration in writing of the value of the shipment on the basis of the minimum tariff. The statutory language has no such meaning.” (Loeb v. Friedman’s Express, 187 Misc. 89, 94, affd. 271 App. Div. 873, affd. 296 N. Y. 1029.)
It is assumed here, as in the Loeb case, that the bill of lading is conformed by law to the provisions of the filed tariffs. Loeb had not paid any freight charges, yet she was allowed to recover full value. No different result is indicated here, where the shipper paid more than the freight charges corresponding in the filed tariffs to the full value of the goods.
The judgment appealed from is affirmed, with costs.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Judgment affirmed.