Seymour Lakritz, J.
Plaintiff brought this action in the Small Claims Part of this court against Consolidated Edison, for damages to plaintiff’s refrigerator caused by low voltage in a brownout which occurred in the area where plaintiff resided. Plaintiff introduced in evidence a report dated August 7, 1972 from D. J. Dineen Sales and Service Corporation which stated the compressor motor was burned out due to operation on low voltage and a receipted bill for the repairs completed in the sum of $144.45.
Defendant conceded by stipulation in open court that the brownout did indeed occur, that the low voltage caused the damage to plaintiff’s refrigerator and that if an expert were called to testify, he would testify as to the amount of damages claimed by plaintiff. Defendant introduced into evidence Public Service Commission (hereinafter referred to as the PSC) Schedule of Electricity Service No. 8, and claims that according to Leaflet No. 19 contained therein defendant is.not liable since under paragraph No. 14 “in case the supply of service shall be interrupted -or irregular or defective or fail from causes beyond its control or through ordinary negligence of employees, servants or agents the Company will not he liable thereof” (emphasis supplied).
In addition defendant claims that at the time plaintiff requested service, an agreement was executed wherein plaintiff agreed to be bound by the rate schedule as filed with the PSC. However, no proof was offered to substantiate this defense and no agreement was offered into evidence, therefore, this defense is a nullity.
*1030 The fundamental issue in this case is whether the conditions contained in the PSC Schedule Leaflet No. 19 are a valid defense against plaintiff’s claim, and generally whether the defendant has a right to absolve itself from any and all liability fot an interruption of service including the ordinary negligence of its employees, servants or agents by a mere filing of said schedule with the PSC.
Public utilities are granted .special privilege under oifr laws including guaranteed profit, guarantee of no competition which justifiably have been granted in the cause of protecting the public interest, and to assure that the public will receive continuous and nondiscriminatory service. Public welfare and interest demands service from the various utilities without the evils of ordinary business competition. The PSC was established for the purpose of protecting and enforcing the rights of the public. (People ex rel. Binghamton Light, Heat & Power Co. v. Stevens, 203 N. Y. 7; People ex rel. N. Y. Tel. Co. v. Public Serv. Com., 157 App. Div. 156.) The PSC may exercise only such power as is conferred upon it by the Legislature. (Matter of Village of Boonville v. Malthie, 272 N. Y. 40, affg. 245 App. Div. 468, mot. for rearg. den. 246 App. Div. 887.) PSC has no authority to determine questions of law (Kovarsky v. Brooklyn Union Gas Co., 253 App. Div. 635, affd. 279 N. Y. 304). Questions of law are left to the courts. The PSC does not act as counsel for the general public. Schedules are filed in accordance with the Public Service Law and when the prescribed time has elapsed* the schedules become binding on all consumers. The exemption from liability has been held to be valid on the grounds that to hold the utility to the liability of an insurer with respect to interruption of service due to causes other than gross or willful negligence would require prohibitive rates. (Hamilton Employment Serv. v. New York Tel. Co., 253 N. Y. 468.) Defendant relies on this case to some extent.
The State or city, recognizing its- obligations to its citizens for the torts of its employees, permits suit against the governmental body. True that this right is permitted by statute. It is well known that the only way the State or city meets its obligations is to tax its citizens. Even though large recoveries or large number of recoveries may result in increased taxes to pay therefor, no one has been heard to argue that this right .should be taken away. Rhetorically, by virtue of what right does the defendant have the protection of the argument that to permit suits such as this would result in or require prohibitive *1031 rates? The answer, to this court, in any event, is that the defendant can no longer cloak itself with that protective mantle. To hold otherwise would so basically contravene the rights of the consumer as to be completely untenable.
It is the settled law of our State that where parties are on equal terms, a contract exempting one of the parties from liability for negligence is valid. However, the legal duty to exercise reasonable care may not be eliminated by unilateral say so. (41 N. Y. Jur., Negligence, § 5; Kirshenbaum v. General Outdoor Adv. Co., 258 N. Y. 489; Ann. 84 A. L. R 654; Cohen v. City of New York, 190 Misc. 901.) Validity is almost universally denied to contracts exempting from liability for negligence the party who occupies a superior bargaining position. A typical situation involving such inequality for bargaining strength is one where a public utility or a company serving som^ public function, as a precondition to doing business with them, requires their customer to sign a stipulation exempting the company from liability for negligence (41 N. Y. Jur., Negligence § 6; Ann. 175 A. L. R. 18).
Our General Obligations Law (§§ 5-301 to 5-331) “ Prohibited Contracts ” also establishes the illegality of an exemption from liability in certain contracts where there is an absence of consideration for such exemption.
Suppliers of electric power are excused from performance under implied contracts where as a result of an act of God or an inevitable accident performance becomes impossible (Curry v. Norwood Elec. Light & Power Co., 125 Misc. 279).
Generally speaking, a company which is under a duty of furnishing electricity to the public must furnish continuous service, although it has been said not to be an insurer of constant service and where it seeks to cut off a customer’s existing supply it has the burden of justifying its action. (Manley v. Consolidated Edison Co. of N. Y., 187 Misc. 366.)
A public utility corporation is under statutory duty to the public to supply current from which it cannot escape except under defined circumstance. (Manley v. Consolidated Edison Co. of N. Y., supra; Esposito v. Consolidated Edison Co. of N. Y., 68 N. Y. S. 2d 868.)
These cases deal with a customer shut off due to a dispute as to meter charges which were increased when a new meter was installed. While these facts do not apply to the instant case, they clearly set forth this defendant’s obligation as to the burden of proof.
*1032 Defendant, after conceding its liability for plaintiff’s damage, ■submitted no proof to justify the brownout which affected plaintiff’s refrigerator.
Judgment for the plaintiff for $144.45, with interest from July 14, 1972; exhibits may be recovered from Clerk’s office.