281 So.2d 223 (1973)
Paul R. KINKAID, Appellant,
v.
AVIS RENT-A-CAR SYSTEMS, INC., Appellee.
No. 72-543.
District Court of Appeal of Florida, Fourth District.
August 6, 1973.
R.E. Conner, Ft. Lauderdale, for appellant.
H. Eugene Fischer, of Fischer, Hinckley & Shores, Ft. Lauderdale, and Robert L. Dube, Miami, for appellee.
PER CURIAM.
Affirmed.
OWEN, C.J., and CROSS, J., concur.
MAGER, J., dissents with opinion.
MAGER, Judge (dissenting):
I must respectfully dissent because in my humble opinion (exculpatory) clauses in contracts which have the effect of limiting a contracting party's liability for his own negligent acts should be declared void as contrary to public policy.
The law has never looked with favor on provisions which relieve one party from liability for his own fault or wrong. 17 Am.Jur.2d Contracts § 188; 57 Am.Jur.2d Negligence § 31; 175 A.L.R. 8-157.
While it may be reasonable for a contracting party to limit his liability for the negligent acts of the other contracting party it seems unconscionable for that contracting party to limit liability that might result from his own failure to exercise reasonable care. cf. Aloia v. Carrier Corporation, Fla.App. 1971, 244 So.2d 445.
Even if it be suggested that such an exculpatory clause, while looked upon with disfavor, should nevertheless be upheld when freely entered into by the contracting parties, such an interpretation must presuppose that the contracting parties are bargaining on equal terms. In Danna v. Con Edison Co., Inc., 1972, 71 Misc.2d 1029, 337 N.Y.S.2d 722, 725 it was observed:
"It is the settled law of our state that where parties are on equal terms, a contract exempting one of the parties from liability for negligence is valid. However, the legal duty to exercise reasonable care may not be eliminated by unilateral say-so. (citations omitted) Validity is almost universally denied to contracts exempting from liability for negligence the party who occupies a superior *224 bargaining position. A typical situation involving such inequality for bargaining strength is one where a public utility or a company serving some public function, as a precondition to doing business with them, requires their customer to sign a stipulation exempting the company from liability for negligence...."
It would seem to me that as between Avis, lessor, and Kinkaid, lessee, the former occupies a superior bargaining position, for it, like the other car and truck rental companies perform a public function and are sufficiently affected with the public interest as to eliminate the equality of bargaining power with members of the public. There seems to be little difference between a company that rents a truck in which goods will be placed for safekeeping during use and the category of persons described as "professional bailees", such as warehousemen, parking stations, garages, etc. The public, in dealing with these "professional bailees", lacks the practical equality of bargaining power since it must accede to the conditions sought to be imposed or else forego the desired services. It is said that a bailee who is performing services for which the public has substantial need should not be permitted to use these circumstances to coerce the members of the public into contracts wherein the bailee has limited his liability for his own negligence. 8 Am.Jur.2d Bailment, § 131. Moreover, it would seem to me that where a company such as Avis holds itself out to the public as being in the truck rental business there is a reasonable presumption, whether by implied warranty or otherwise, that the truck to be leased will be fit for use for the intended purpose.[1] Such a warranty or guaranty would seem to override any effort to escape liability for loss of damage caused by one's own negligence.
While the views expressed herein may well be in the minority I fervently believe a party through his own conduct should not be permitted to avoid adherence to a reasonable standard of care and performance and to otherwise escape liability for negligent omissions or breaches through the device of an exculpatory provision; particularly where the party is in a business dealing directly with the general public and occupies a superior bargaining position. McCutcheon v. United Homes Corporation, 1971, 79 Wash.2d 443, 486 P.2d 1093; Galligan v. Arovitch, 1966, 421 Pa. 301, 219 A.2d 463. In my opinion the plaintiff should be permited to have his day in court and at least be given the opportunity of presenting proof to support his claim.
NOTES
[1] It is contended that the truck which Kinkaid leased from Avis was for the purpose of hauling household furniture and that the van type body on such truck leaked water onto Kinkaid's household furniture resulting in alleged damages in the amount of $6,000.00.