**SIMS CRANE SERVICE, INC., Plaintiff,**
**v.**
**SUMTER BUILDERS, INC., Defendant.**
**Civ. A. No. 82–1248–15.**
United States District Court,
D. South Carolina,
Columbia Division.

Nov. 12, 1982.

R. Howard Grubbs, Columbia, S.C., for plaintiff.

William W. Watkins, Columbia, S.C., for defendant.

ORDER

HAMILTON, District Judge.

This matter comes before the court on plaintiff's motion for summary judgment filed October 13, 1982, pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff in this action, Sims Crane Service, Inc. (hereinafter "Sims"), a Florida corporation, seeks to recover from the defendant Sumter Builders, Inc. (hereinafter "Sumter"), a South Carolina corporation, rental payments on one (1) 1978 Lorain Rough Terrain Crane (LRT–18U) serial number 36721 (hereinafter "the crane") for the months of November and December, 1981, and a sum representing damages sustained by the crane during the rental period. The parties have thoroughly briefed the applicable law and submit the motion to the court without oral argument.

On or about October 12, 1981, Sims and Sumter entered into an equipment lease wherein Sims would lease to Sumter the 1978 Lorain crane at a base monthly rental of Two Thousand Dollars ($2,000.00) per month, in addition to other charges detailed in the lease agreement. While being used by Sumter, the crane was damaged and subsequently repaired by Sims. Plaintiff now contends and the court agrees, that the defendant is liable for the damages incurred pursuant to paragraph five (5) of the equipment lease dated October 12, 1982. Paragraph five (5) entitled "Loss, Damage, or Liability" provides:

Lessee agrees to pay Lessor for all *loss or damages* occasioned by fire, theft, flood, *accident,* explosion, *wreck,* vandalism, act of God or *any other cause,* including but not limited to any cause in whole or in part by Lessor or any of its servants, agents, or employees, that *may occur during* the life of this Lease, and until the equipment has been returned to and accepted by Lessor. The total value of the equipment as stated in this Lease shall be the true and just value forming the basis for the adjustment; no rental paid shall apply to the payment of such loss or damages. Lessee shall defend, indemnify and hold forever harmless Lessor and its affiliated company from and against all loss, damage, liability, expense, attorney's fees (including appeals) and penalties by reason of injury to person (including death) or property of any character whatsoever, including but not limited to those by reason of any act, failure to act, or negligence of Lessor or any of its servants, agents or employees, occasioned by the maintenance, use, operation, handling, storage, erection, dismantling, servicing, transportation, or existence of the equipment, or lack of any such occasion during the life of this Lease. (emphasis added).

■ In assessing the application of the above provision, the court notes that under the provisions of paragraph twenty-four (24), the lease is to be governed by the laws of the state of Florida. In the 1972 case of *Middleton v. Lomaskin,* 266 So.2d 678 (Fla.3d D.C.A.1972), the District Court of Appeal of Florida for the Third District noted that, "Generally, exculpatory contracts which attempt to relieve a party of his own negligence are not looked upon with favor; however, such contracts have been held valid and enforceable in Florida, where such intention was made clear and unequivocal in such contract." The Florida courts have reiterated this position in the subsequent cases of *Kinkaid v. Avis Rent-A-Car Systems,* 281 So.2d 223 (Fla. 4th D.C. A.1973) and *Orkin Exterminating Company, Inc. v. Montagano,* 359 So.2d 512 (Fla. 4th

D.C.A.1978). Where the terms of the exculpatory clause are clear and unequivocal, the Florida courts recognize and uphold their application, even those which exempt liability altogether. *Orkin,* 359 So.2d at 512.

■ In the instant case, the language of the contract executed between the parties is patently clear; paragraph five (5) draws attention to its provisions by the caption partially entitled, "Liability." The court can hardly agree with the assertion by the defendant that the caption of the exculpatory clause is "innocuous" or misleading. Even if the caption could be termed "misleading," the court could not consider it in its analysis of the provision itself. Paragraph twenty-two of the lease provides that paragraph headings shall *not* be considered in interpreting the terms of the agreement. (emphasis added). Accordingly, the court looks directly to the language of the provision. The first three lines of paragraph five (5) could not be more direct and should have alerted the defendant to the exculpatory nature of the provision. The first eight words, "*Lessee agrees to pay Lessor for all loss . . .*" (emphasis added)' set forth in no uncertain terms the risk shifting nature of the paragraph.

In addition to the clarity of the language of the exculpatory clause itself, the court finds that the allocation of risk of loss to the defendant is further emphasized by the provisions of paragraphs four (4) and six (6) of the lease. Paragraph four (4) requires that, "The Lessee shall, at its own expense, *make all repairs* to the equipment during the continuance of this lease necessary to keep and maintain the vehicle in good mechanical condition and repair, *including all repair occasioned by accident.*" (emphasis added). Sims also requires a potential Lessee (pursuant to paragraph six (6)) to provide "full insurance coverage for *all risks of physical loss or damage that may occur during the life of this lease,* and comprehensive liability insurance covering any negligence of Lessor and Lessee, with limits satisfactory to Lessor." (emphasis added).

The language of the exculpatory clause of paragraph five (5) buttressed by the provisions of paragraphs four (4) and six (6) leads the court to the inescapable conclusion

that the expense of repair to the damaged crane is to be borne by Sumter. For the foregoing reasons and based on the cited authority, plaintiff is entitled to summary judgment as to the issue of liability. "[T]he entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *Phoenix Savings and Loan, Inc. v. Aetna Casualty and Surety Co.,* 381 F.2d 245, 249 (4th Cir.1967).

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment is granted. The defendant, Sumter Builders, Inc., is liable for damages representing the reasonable cost of repair to plaintiff's 1978 Lorain Rough Terrain Crane (LRT–18U) serial number 36721 and for rental payments plus service charges for the months of November and December, 1981.

IT IS FURTHER ORDERED that the determination of the amount of damages is left open until further proceedings before this court.