■ In the Matter of DARA GARDENS MANAGEMENT CORPORATION, Appellant, v STATE OF NEW YORK DEPARTMENT OF PUBLIC SERVICE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Bradley, J.), entered February 2, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Public Service Commission which denied petitioner a waiver of the penalty assessed against it by Consolidated Edison Company of New York, Inc. Respondent Consolidated Edison Company of New York, Inc., provides an interruptible temperature controlled gas rate under a plan designated as "Service Classification No. 5" (SC-5). In return for reduced rates, SC-5 customers agree to interrupt their use of gas by changing to an alternate fuel (usually oil) when the temperature falls below 20 degrees Fahrenheit. SC-5 customers are required to install and maintain equipment capable of burning another fuel. If an SC-5 customer fails to resort to an alternate fuel source during such a cold spell, the customer must pay a higher rate, double the usual rate, for all gas used during the billing period in which the violation occurs. On January 18, 1981, a Consolidated Edison inspector discovered that petitioner, an SC-5 customer, was burning gas even though the outside temperature was 16 degrees Fahrenheit. Petitioner's building superintendent reported that the control system had failed and he was unable to manually switch the boiler over to oil. Consolidated Edison billed petitioner $32,084.22 for the period involved rather than $16,042.10. Petitioner requested the Public Service Commission (PSC) to disallow the increase because the failure to switch from gas use to oil was not intentional. The PSC declined to do so. Petitioner subsequently commenced the instant CPLR article 78 proceeding. Special Term ruled that the penalty was reasonable and dismissed the petition on the merits. This appeal by petitioner followed. There should be an affirmance. The primary argument raised by petitioner on this appeal, that the increased rate charged by Consolidated Edison is a penalty or a service charge in contravention of subdivision 6 of section 65 of the Public Service Law, lacks merit. This subdivision does not mention penalties. Nor is the increased rate void as a

penalty because it does not conform with the provisions of sections 24, 25 or 26 of the Public Service Law as contended by petitioner. Section 24 sets forth a way for the Public Service Commission to recover penalties in the name of the State. Sections 25 and 26 enable the PSC to exact penalties against utilities who fail to comply with the Public Service Law. A service charge has been defined as a standby charge for being ready to serve (*Kovarsky v Brooklyn Union Gas Co.,* 253 App Div 635, 638, affd 279 NY 304; *McCormick v Westchester Light Co.,* 141 Misc 261, affd 238 App Div 845). When a customer is required to pay even though he uses no gas, it is a service charge. Here, if petitioner used no gas when the temperature fell below 20 degrees Fahrenheit, he would pay nothing. Therefore, the increased rate paid for gas consumed by petitioner was not a service charge. Contrary to petitioner's claims, the increase in rate under this SC-5 plan is also not void as being unreasonable or arbitrary. The increased rate is imposed in order to help insure that gas will be available to higher priority users who have no other heat source in cold weather. Cost is not the only factor to be considered in setting rates. Other factors, such as the quantity of gas used, the time when used, the purpose for which used and the duration of the use may properly be considered in fixing rates (Public Service Law, § 65, subd 5; § 66, subd 14; *Matter of New York State Council of Retail Merchants v Public Serv. Comm.,* 45 NY2d 661). Thus, the rate in question is reasonable on these facts. The increased charge is justified by a rational basis in the record. Classifications of rates and the advantages of such classifications are for the agency, not the courts, to decide (*City of Rochester v Rochester Gas & Elec. Corp.,* 233 NY 39, 49). Furthermore, courts should not substitute their judgment for that of the PSC in such cases (*Matter of New York State Council of Retail Merchants v Public Serv. Comm., supra,* pp 669-670). Judgment affirmed, with one bill of costs to respondents. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.